ALBERT D. MAYO and another *vs.* ANDREW J. STEVENS.

*Partial payment—when a discharge in full.*

Part payment of a debt made with an agreement that the debtor shall have his "own time to pay the balance," does not come within the operation of R. S., c. 82, § 38, and an action is maintainable to recover the amount remaining due.

To render a partial payment an extinguishment of the whole debt, both parties must concur in the understanding that it was a payment in full.

ON REPORT.

ASSUMPSIT to recover $35.30 as the balance due on account.

The plaintiffs sold the defendant $70 worth of flour in 1867. In 1869 the defendant paid $35 on this indebtedness with the agreement that the defendant should have his own time to pay the balance.

Mayo *v.* Stevens.

The presiding justice remarked, that upon the testimony of the defendant, giving the facts substantially as stated above, he should instruct the jury that there was a balance legally due the plaintiffs, whereupon the case was reported for the determination of the full court.

*Joseph Williamson,* for the plaintiffs.

*William H. McLellan,* for the defendant.

DICKERSON, J. Assumpsit for balance of account, submitted on report.

At common law payment of part of the debt, as and for the whole, did not extinguish it, on the ground that the amount paid was no consideration for the release of the amount unpaid.

By R. S., c. 82, § 38, this rule of law is changed, so that now in this State no action can be maintained for the balance of a debt where an amount, however small, has been paid in full discharge of the whole debt. But in order to render payment of part, an extinguishment of the whole debt under this statute, both parties must concur in the understanding that the amount paid is paid and received as and for the whole debt.

In this case there was no such understanding. The plaintiff agreed with the defendant that he might take his own time to pay the balance of the debt, not that the whole debt should be discharged. The statute relied upon by the defendant being inapplicable he is liable at common law for the balance of the plaintiffs' account.

These views are in accordance with the opinion of the justice presiding, and the report provides that if his opinion is sustained the defendant is to be defaulted. *Defendant defaulted.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, and PETERS, JJ., concurred.