EDWIN MORTLOCK v. ALFRED H. WILLIAMS AND EDWARD B. WIGHT.

*Contract with traveling salesman—Breach—Damages—Estoppel— Notice to produce letters—Secondary evidence.*

1. Where the employers of a traveling salesman, who had contracted for his services for *one year* at a specified salary, which contract was dated *January 25*, but was intended to cover the *entire* year (the salesman having commenced work before said date), became dissatisfied with his work, and he wrote them that if they wished to close the contract, "which is for the year 1888," he would do so on receiving payment as per an inclosed statement, which included a charge of $500 for salary to July 1, and received in answer a letter inclosing a check "in full settlement [as stated] of account from date of contract" to date of letter, which the salesman indorsed and drew the money upon, and then commenced a suit to recover his salary for the balance of the month of January and for the time during which he was seeking other employment, he is entitled to go to the jury upon such claim, and it is error to direct a verdict in defendants' favor on the

ground that the acceptance of the check released them from all liability under their contract.

2. The service upon counsel of a notice to produce certain letters, served on the morning of the day when copies are offered in evidence, does not warrant such secondary testimony, the counsel claiming that the originals, if any exist, are in the possession of their clients, who are absent in another state.

Error to Wayne. (Reilly, J.) Argued June 12, 1889. Decided October 18, 1889.

*Assumpsit.* Plaintiff brings error. Reversed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*E. T. Wood,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendants.

Long, J. Plaintiff brought suit in the circuit court for Wayne county. The declaration was on the common counts in *assumpsit;* and also a special count setting up a written contract in the following terms:

"Utica, N. Y., 25th Jan., 1888.

"We do hereby agree to pay E. Mortlock a salary of one thousand (1,000.00) dollars for the year 1888; also four (4) per cent. on all goods sold and delivered in excess of twenty-five thousand (25,000) dollars. All goods returned to be deducted. Also to pay said Mortlock's traveling expenses while on the road selling goods from samples.

"Williams & Wight.

"Accepted. E. Mortlock."

Breach of this contract is alleged in that the defendants wrongfully discharged the plaintiff from their employ, and terminated the contract.

Plaintiff filed a bill of particulars of his claims as follows:

To balance due plaintiff *pro rata* on contract and traveling expenses ................................. $200.00

To damages due plaintiff on account of failure on part of defendants to carry out contract on their part ................................................. 600.00

$800.00

On the trial before a jury the court directed verdict in favor of defendants. Plaintiff brings error.

The claim of the plaintiff upon the trial was that he entered into this contract with defendants, and went upon the road selling goods for them; that the defendants resided at Utica, N. Y., and plaintiff at Detroit; that before the contract was put in writing he had done some work, and that the contract was to cover the year 1888. He continued in the employ of the defendants until June 12, 1888, when they wrote him to return his samples, and discharged him from their employ; and this without any fault upon his part.

It appears that some correspondence was had between the parties during the time of this service, from which it appears that either the services performed by the plaintiff or the amount of business he was able to do was unsatisfactory to the defendants, and they made several complaints to him by letter, advising him they were dissatisfied with his work, and his disregard of their instructions.

On May 20, 1888, the plaintiff wrote defendants as follows:

" MESSRS. WILLIAMS & WIGHT,

" *Gentlemen:* Your favor of the ninth received, with check for $25. I will follow the route as made up, and will do my very best to sell goods, and if I don't you can get some one else. Get a crockery man, or any one else," etc.

This letter was written from Grand Rapids to defendants at Utica, N. Y., and on May 23 the defendants wrote from Utica directing him to return his trunks and samples, and expense account to date, and all mileage books which had unexpired mileage in them.

In answer to this, on May 28, 1888, plaintiff wrote defendants from Detroit, in which letter, after referring to the directions to return samples, he said:

" If you wish to close our contract (and I judge you do from the tone of the letter), which contract is for the year

1888, I will do so, if you will pay me up to July 1, as per statement, as follows:

| | |
|---|---|
| Traveling expenses to date | $435.29 |
| Salary to July 1 | 500.00 |
| | $935.29 |
| Cash received | 743 50 |
| Balance | $191.79 ' |

In reply to this letter defendants wrote him on June 12 as follows:

"We have just figured up the result of your sales so far, and find that so far there is a loss to us of over $200 on the business you have done. Under these circumstances we have decided to accept your release of our contract as contained in your letter of May 20, dated from Sweet's Hotel, Grand Rapids, in which you tell us, 'You can get some one else. Get a crockery man, or any one else;' and inclosed hand you check for $52 and 32-100, in full settlement of account from date of contract, January 25, to June 12, and for which please send receipt.

### STATEMENT.

| | |
|---|---|
| To cash as per statement | $761.50 |
| Cr. | |
| By expenses as per statement | $435.49 |
| By salary to June 12, 4 mo. 18 da | 383.33 |
| | $818.82 |
| | 761 50 |
| | $57.32 |
| 1 Dunn's report of Mich., not returned | 5 00 |
| Bal | $52.32" |

The plaintiff testified that he received this letter and check, understanding that it discharged him from the employ of the defendants, and with the statement from them that it was in full for all they claimed they owed him. Plaintiff indorsed the check, and received the money upon it, and upon the next day commenced this suit.

The contention of the defendants' counsel in the court below was and is here that the plaintiff, having received this

check with the full knowledge and understanding that it was sent to him as the final balance due him upon the termination of the contract referred to, accepted the check, and obtained the money upon it without making any protest or objection as to the basis of settlement; and, recognizing that it was tendered upon the part of the defendants upon the understanding and basis that they were accepting his release of their liability under the contract, he was bound by such acceptance, and the check was a full discharge of their liability to him.

It is evident from the reading of the record that this was the view taken by the court below, and upon which the court directed the verdict for the defendants.

The plaintiff's contention in the court below was that he had proved his contract, and, in addition to that, the contract being for the season of 1888, and the plaintiff having commenced his work on January 3, 1888, the contract must be construed as covering the time prior to the actual date of the contract; that he was in the continuous employ of defendants from January 3 to June 12, and out of employment from June 12 to July 20, when he commenced work for other parties.

That the check sent him did not cover his time from January 3 to January 25, the date of the contract, nor from June 12, the date of his discharge, to July 20, when he found other employment, is not disputed upon this record. And it nowhere appears in this record that defendants had any good reason to discharge the plaintiff, except the statements in defendants' letters.

After the letter of defendants of June 12 inclosing the check, had been offered and received in evidence, it appears that plaintiff's counsel offered a copy of the letter sent by plaintiff to the defendants, in answer thereto. This the court excluded, on the ground that no foundation had been laid for this evidence.

It appears that plaintiff's counsel in the morning of the same day had given written notice to the counsel of defendants to produce the original of that and other letters on the trial. The court, however, held that the notice was not given in time, and in this the court was not in error, under the case of *Julius King Optical Co. v. Treat,* 72 Mich. —— (40 N. W. Rep. 912). The defendants were not in court, and only appeared there by counsel, who disclaimed having the letters in hand, and insisted that the letters, if any such existed, were in the hands of defendants, then in Utica, N. Y.

The plaintiff, however, gave evidence upon the trial which should have been submitted to the jury. He testified that he commenced work for defendants sometime about January 3, and continued to time of making the written contract, for which time he had not been paid; and that, though he had used some diligence to find employment after his discharge, he was not able to do so until about July 20, 1888; and that he had been put to some additional expense by reason of such discharge. It is not claimed that the amount contained in the check covered these amounts, but counsel for defendants insist that the acceptance of the check, under the circumstances stated, estopped him from any such recovery, as it amounted to an acceptance of the proposed settlement. We do not think the circumstances warrant this conclusion as a matter of law, but that the whole case should have gone to the jury under proper instructions.

For this reason the judgment of the court below must be reversed, with costs, and a new trial ordered.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. MORSE, J., did not sit.