ALEXANDER DUNCAN *vs.* JAMES GRANT.

Knox.   Opinion April 15, 1895.

*Contract.   Consideration.   Stat. Frauds.   Receipts.*

The plaintiff claimed that, as the consideration for the sale and assignment to the defendant of a lease, the defendant agreed to pay him a certain price and in addition thereto to assume and pay him a claim for damages which the plaintiff had against third parties.   In an action against the defendant to

recover the last named claim, *held;* that to entitle the plaintiff to recover, he must prove an original, personal promise on the defendant's part to assume and pay the claim as a part of the consideration for the sale, of the lease.

The statute of frauds is not involved in the question whether or not such claim formed a part of the consideration for the sale of the lease; nor is it necessary that, prior to the defendant's promise to assume and pay such claim, there should have existed a personal liability on the part of the defendant to pay it.

The third party against whom the plaintiff held his claim was an association. The defendant was not obliged to plead in abatement to avoid being held liable for the claim so made against the association, because the action is not against the defendant as member of the association. The liability of the defendant, if any, depends upon the defendant's personal promise.

A receipt in full, uncontradicted, is binding upon the parties, but may be explained by evidence and circumstances, when it does not contain the details of a contract. A jury are not debarred from finding that a receipt in full was not intended to cover all demands but only to limit the demands when such is the fact and intention of the parties.

ON MOTION AND EXCEPTIONS.

This was an action brought on the following account annexed :

"James Grant to Alexander Duncan, Dr.

| To balance due on sale of lease of Deep Hollow | |
|---|---|
| Quarry, | $72.00 |
| Interest, | 1.44 |
| | $73.44" |

Plea, general issue.

The jury returned a verdict for the plaintiff and the defendant took exceptions, and filed a motion for a new trial.

The plaintiff introduced evidence tending to show the legality of a debt due him from the Paving-Cutters' Union; and further testimony tending to show a verbal promise made by the defendant to the plaintiff to pay this debt as a part of the consideration for the sale of the lease of Deep Hollow Quarry.

The defendant introduced in evidence a receipt in full given by the plaintiff.

The defendant seasonably made the following requests for instructions, viz :

1. That a receipt uncontradicted by evidence, as to signing, execution and delivery is binding upon the parties; and that

where the plaintiff admits signing a receipt, after carefully reading it, and then fails to explain or contradict the evidence in any way, the jury are entitled to find that the receipt is conclusive as to all facts stated in it.

2. That if the jury find from the evidence that the alleged bill for loss of time made no part of the consideration for the lease, then the plaintiff cannot recover in this action.

3. That in order for the plaintiff to recover, the jury must find a personal liability on the part of the defendant, if they find from the evidence that the plaintiff and defendant were at that time both members of the Paving-Cutters' Union.

4. That on the cause of action presented by the plaintiff's writ, the defendant was not obliged to plead in abatement to avoid being held liable for the debts of the Paving-Cutters' Union.

To the first requested instruction the court said :

"I will give you that with this addition, that if it was the intention of the parties, and you can find that that was the intention from the evidence in the case, that the receipt was only intended to cover the intention as expressed on the back of the lease, then it would not be binding; that the jury can say that the lease is explained by the evidence and circumstances. The defense relies upon the fact, as they contend, that the plaintiff gave no explanation of why he gave the receipt in full. If he did not, that is a strong point against him. I don't think the jury is debarred from finding, upon the evidence in the case, that it was not in fact to cover all the demands, but only to limit the demands."

The court declined to give the second requested instruction it having been already embodied in the charge.

To the third requested instruction the court said :

"I have given that. I gave the same rule bearing upon the statute of frauds, that even although the plaintiff himself was a member of it, in the same transaction, that the case must rest upon the personal promise of the defendant ; that he is not bound to pay the debt because he was a member of the association, but the plaintiff claiming that the association, although plaintiff and

defendant are both members of it, owed a certain sum, I think the defendant can by a personal promise agree to pay the plaintiff—to pay a sum equivalent to that, or even that same sum, for a consideration."

To the fourth requested instruction the court said :

"I will give that so far as it is applicable. If they had sued him as a member of that association, then he might plead an abatement; but the case is not against the association—not against him because he is a member of the association, but because he made a personal promise, if you find he made such a promise."

The defendant excepted to these instructions and refusals to instruct.

*C. E. and A. S. Littlefield*, for plaintiff.

*A. A. Beaton and R. R. Ulmer*, for defendant.

Duncan as a member of the Union was as much responsible for its debt as the defendant. One person cannot sue himself and another. *Blaisdell* v. *Pray*, 68 Maine, 274; *Denny* v. *Metcalf*, 28 Maine, 390; Story Part. § 234. Defendant's promise, if any, not affected by the original liability of the Union, and is within the statute of frauds. *Manley* v. *Geagan*, 105 Mass. 445; *Farnham* v. *Davis*, 79 Maine, 282; *Furbish* v. *Goodnow*, 98 Mass. 299.

Receipt in full : Am. & Eng. Enc. of Law, vol. 19, p. 1122, and cases. Third request : *Lane* v. *Tyler*, 49 Maine, 252; *Bruce* v. *Hastings*, 41 Vt. 380; *Holyoke* v. *Mayo*, 50 Maine, 385; *Farrar* v. *Pearson*, 59 Maine, 561; *Couilliard* v. *Eaton*, 139 Mass. 105.

SITTING : WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J. The plaintiff claims that, as the consideration for the sale and assignment to the defendant of a lease of some quarry property, the defendant agreed to pay him the sum of one hundred and twenty-five dollars, and also to assume and pay to him a claim for damages of seventy-two dollars which

the plaintiff had against the Paving-Cutters' Union ; and he seeks to recover this sum of seventy-two dollars in this action.

The defendant denies that he made an absolute promise to pay the plaintiff this sum of seventy-two dollars, but admits that he agreed to use his influence and best endeavors to collect the claim for the plaintiff.

The jury were instructed that to entitle the plaintiff to recover, it was incumbent upon him to prove a personal promise, on the part of the defendant, to assume and pay to the plaintiff this claim of seventy-two dollars as a part of the consideration of the sale of the lease.

It was obviously immaterial to the plaintiff what authority the defendant had, or what measures he proposed to take respecting the settlement of the claim against the Union. The instructions given to the jury clearly required them to find an original, personal undertaking on the part of the defendant to pay the plaintiff the sum of seventy-two dollars, in addition to the sum of one hundred and twenty-five dollars which was not in controversy, as a part of the consideration of the lease. The statute of frauds was not involved in the inquiry. It was not necessary that, prior to the defendant's promise to assume and pay this sum of seventy-two dollars to the plaintiff, there should have existed " a personal liability on the part of the defendant " as a member of the Union. The requested instruction upon this point was properly qualified, and the instructions given were correct.

The other requested instructions were fully covered by the charge, and all the principles of law applicable to the case were clearly stated and correctly applied.

The testimony was conflicting, and if it cannot be said that the report shows a clear preponderance of evidence in favor of the plaintiff, there was sufficient evidence to support the verdict, and we find no justification for setting it aside.

<em>Motion and exceptions overruled.</em>