HERBERT E. KNOWLTON *vs.* MARTIN G. BLACK.

Waldo.    Opinion June 8, 1907.

*Fire Insurance Policy.   Loss.   Mortgagee's Lien.   Notice to Insurance Company.*
*Accord and Satisfaction.   R. S., chapter 49, sections 54, 55 ;*
*chapter 84, section 59.*

1.  When it is not stipulated in a policy of fire insurance that the insurance shall be payable to a mortgagee, the mortgagee acquires no lien on such policy until and unless "he files with the secretary of the insurance company a written notice, briefly describing his mortgage, the estate conveyed thereby, and the sum remaining unpaid thereon." R. S., chapter 49, section 54.

2.  If such lien be thus acquired and the mortgagor does not consent in writing that the insurance shall be paid to the mortgagee, the lien is lost unless the mortgagee within sixty days after the loss enforces the lien by a suit against the mortgagor and against the insurance company as his trustee. R. S., chapter 49, section 55.

3.  If, when no such lien exists and the mortgagor has collected the insurance, he offers it or part of it to the mortgagee in full discharge of the mortgage debt and it is so accepted by the mortgagee, the mortgage debt is thereby fully discharged, though the sum paid was much less than the amount due on the mortgage. R. S., chapter 84, section 59, applies to demands undisputed as well as to demands disputed.

On motion by plaintiff.    Overruled.

Assumpsit on seven promissory notes of one hundred dollars each, given by the defendant to the plaintiff.    Plea, the general issue with brief statement as follows:   "That the notes described in plaintiff's declaration and ten other notes of even date therewith, given by the defendant to the plaintiff, in all amounting to seventeen hundred and fifty dollars, were secured by a mortgage of certain real estate, situated in Northport, that the first of said notes and one year's interest on the whole of said notes became due February 1, 1897, and for non-payment of said first note and a part of said interest the plaintiff foreclosed said mortgage, and the right of redemption thereunder, expired July 8, 1898, and the plaintiff took possession

of said real estate and sold the same, and that after the making of the said several promises and after the foreclosure of said mortgage by the plaintiff, but before the commencement of this action, to wit, on the day of September, A. D. 1898, he paid and delivered to the said Herbert E. Knowlton, and the said Herbert E. Knowlton accepted the sum of seven hundred dollars in payment and satisfaction of all of the notes secured by said mortgage, including the notes declared upon in this action, and this he is ready to verify."

Tried at the January term, 1906, of the Supreme Judicial Court, Waldo County. Verdict for defendant. The plaintiff then filed a general motion to have the verdict set aside.

All the material facts appear in the opinion.

*Williamson & Burleigh*, for plaintiff.

*Dunton & Morse*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

EMERY, C. J. The undisputed facts are these : The notes in suit had been secured by a mortgage upon some buildings and land, which mortgage had been foreclosed. A few days before the right of redemption expired, the buildings, which were insured by the defendant, the mortgagor, were consumed by fire. The plaintiff, the mortgagee, within a week or two after the fire wrote them (the insurance company) and told them, "I (he) was the mortgagee." It does not appear that in such letter he briefly described his mortgage, or the estate conveyed thereby, or the sum remaining unpaid thereon, all of which statements were necessary to give him a lien upon the insurance policy. R. S., ch. 49, sec. 54. Nor did he begin any suit against the insurance company as trustee of the mortgagor within sixty days after the loss, as was necessary to preserve and enforce his lien, had one been acquired. R. S., ch. 49, sec. 55.

The defendant, the mortgagor, made the proofs of loss, but did not collect the insurance upon the buildings until more than sixty days after the fire, before which time the right of redemption had expired and the title to the land had become absolute in the mort-

gagee, the plaintiff, and he sold the land for $500.   Upon receiving the insurance money, $700, the defendant paid it over to the plaintiff, thus making a payment of $1200 in all on the notes which amounted to over $1800.

The defendant testified positively that he paid and the plaintiff accepted the $700 of insurance money in full payment and discharge of his indebtedness on the notes.   The plaintiff as positively denies that the payment was so made.   The jury found the fact to be as contended by the defendant and returned a verdict for him.

We find nothing inherently improbable in the defendant's testimony.   He admittedly had no other property or money, and the plaintiff had no reason to believe otherwise.   The plaintiff had no lien on the insurance money.   It would have been difficult at least for him to have compelled the plaintiff to pay it to him.   He had taken the land, and it would not be at all an improbable or unusual transaction had he accepted, and been glad to accept, $700 in complete discharge of the balance of the debt which he had no prospect of collecting in full.   We must regard it as established that the demand sued upon was settled by the creditor in full discharge thereof by the receipt of money paid him for that purpose, and that the defendant is entitled to judgment upon the verdict under R. S., ch. 84, sec. 59, which applies to demands undisputed as well as to demands disputed.

*Motion overruled.*
*Judgment on the verdict.*