H. GRANGER FULLER vs. HARRY L. SMITH.

Cumberland.    Opinion September 29, 1910.

*Accord and Satisfaction.    What Constitutes.    Form.    Requisites.    Trial.    Province of Court and Jury.    Contracts of Employment.    Breach.    Jury Questions. Revised Statutes, chapter 84, section 59.*

An accord and satisfaction under Revised Statutes, chapter 84, section 59, providing that "no action shall be maintained on a demand settled by a creditor . . . in full discharge thereof by the receipt of money or other valuable consideration, however small," is an executed agreement whereby one gives and another receives, in satisfaction of a demand, liquidated or unliquidated, money or other valuable consideration, however small.

An agreement constituting an accord and satisfaction under Revised Statutes, chapter 84, section 59 need not be express, but may be implied from the circumstances and the conduct of the parties.

To constitute an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that acceptance shall satisfy the particular claim, and that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition.

When one tenders his creditor an exact amount of an undisputed debt intending that its acceptance shall satisfy another demand, such intention must be made known to the creditor in some unmistakable manner, and, if he undertakes to state in writing the condition on which the tender is made, his statement should be explicit, and all uncertainty and doubt resolved against him.

It is a trial court's province to construe written instruments, but where the effect of an instrument depends, not merely on its construction and meaning, but upon collateral facts and circumstances, the inferences of fact to be drawn from the instrument must be left to the jury.

To make a question for the jury, there need be no conflict of evidence, and if facts are undisputed, but reasonable men might differ in the inferences to be drawn from them, the question is for the jury.

In an action by an employee for breach of a contract of employment, *held*, that under the evidence, it was a jury question whether the employer tendered a check on condition that its acceptance should satisfy any claim for damages for discharge as well as payment of a balance due the employee, and whether the employee knew or should have known that the check was so tendered.

Though the amount of a check tendered a discharged employee was admittedly
due him, if the employer was unwilling to pay it unless the employee
accepted it in satisfaction of his claim for damages for discharge, and it was
tendered and accepted on that condition, there was a settlement of the
claim for damages on a valid consideration within the meaning of Revised
Statutes, chapter 84, section 59.

On exceptions by plaintiff. Sustained.

Action brought in the Superior Court, Cumberland County, to
recover damages for an alleged breach of the following contract:

"We, the undersigned, hereby, contract and agree with one
another, as follows: That Mr. H. G. Fuller is to devote his full
business time and energy to the interests of Harry L. Smith, as they
are connected with the Aetna Life Insurance Co., and as may be
required of him, for the term of one year. For the service, said
Harry L. Smith agrees to pay $20.00 per week, for fifty weeks during
the year.

"Witness our hand and seal.

(Signed)    Harry L. Smith

H. G. Fuller.

"To take effect Jany. 1st, 1909."

Plea, the general issue with brief statement as follows: "That
from January 1, 1909 to June 26, 1909 said plaintiff was employed
by him, but finding the plaintiff remiss, heedless and failing to
devote his business time and energy to the defendant's business as
required by the said contract, the defendant reproved him for being
so remiss, heedless, neglectful and so failing to devote his business
time and energy to the defendant's business, and on or about June
26, 1909 discharged him for good cause, whereupon subsequently to
wit on or about July 3 a new contract was entered into by mutual
consent between said parties and continued in force the remainder
of the year."

Verdict for defendant. The plaintiff excepted to several rulings
made during the trial.

The case is stated in the opinion.

*Frank H. Haskell,* for plaintiff.

*Harry C. Wilbur, and Carroll W. Morrill,* for defendant.

SITTING :    EMERY,  C.  J.,  SAVAGE,  PEABODY,  SPEAR,  CORNISH,
    KING, JJ.

KING, J.    This is an action for breach of a contract of employment, and comes before this court on plaintiff's exceptions.

January 1, 1909, the plaintiff entered into the employ of the defendant for one year under a written contract, and so continued until Saturday, June 26, 1909, when he was wrongfully discharged, as he claimed.    At the time of the discharge the defendant called the plaintiff into his office, figured the balance due him for wages and expenses as $21.06, about which there was no dispute, and passed him a receipt filled out for that sum saying, "You sign this and I will give you a check."    The plaintiff refused to sign the receipt because it contained the words, "in full of all contracts written and verbal," whereupon the defendant asked, "You aren't going to do anything are you?" and the plaintiff replied, "That remains to be seen." The conversation was then interrupted and nothing more was said as to the check or receipt.    On Monday following the plaintiff received through the mail from the defendant a check for the $21.06.    He cashed the check and retained the proceeds.

The defendant claimed, and the jury specially found, that a letter from him to the plaintiff was sent to and received by the plaintiff together with the check.

The letter was as follows :

"June 26th.    1909.

Mr. H. G. Fuller.

    Dear Sir :

        I enclose herewith the Company's check for $21.06, being a settlement in full of all my indebtedness to you and all of yours to me, and ending all existing personal contracts between us.    The following is a statement of the account as it stands :

| | |
|---|---:|
| Due from me to you, | |
| 1 week's salary to Saturday night June 26th, | |
| being the last week of your notice, | $20.00 |
| claimed by you as travelling expenses, | 10.35 |
| | $30.35 |

| | |
|---|---:|
| Due from you to me, | |
| Overpayment on Bartlett Premium | .64 |
| Slips in drawer which I found, which you | |
| owed the Company | 8.65 |
| Check | 21.06 |
| | $30.35 |

My decision as last expressed to you and the instructions are in no way altered.

Yours truly,

P. S.    Kindly return desk key and office key Monday."

At the trial the defendant contended that the plaintiff's acceptance of the check for $21.06 after the receipt of the letter was an accord and satisfaction of his claim for damages as sued for. And as to that contention the presiding judge evidently took the same view, for, after stating fully and correctly the essential elements of a valid accord and satisfaction, he expressly instructed the jury as a matter of law that if the plaintiff did receive the letter with a check his acceptance of the check constituted an accord and satisfaction that would prevent his recovery in this action. To that instruction the plaintiff excepted.

It is objected by the defendant in argument that the plaintiff's bill of exceptions is insufficient in that it contains an extended extract from the judge's charge and does not show with sufficient explicitness what specific instructions were excepted to.

But we think this objection is not maintainable. It is manifestly clear that the exceptions were taken to the one central idea of the instructions upon this point which was unmistakably expressed by the presiding judge in these words : "If you find that such a letter did reach the plaintiff together with the check you need not spend any more time on the case ; you may fill out your verdict for the defendant and bring it into court."

The jury found specially that the plaintiff did receive the original letter with the check, and accordingly returned a general verdict for the defendant.

The question presented by this exception then is, whether the plaintiff's acceptance of the check, after the interview in the office and the receipt of the letter which accompanied the check, so conclusively establishes an accord and satisfaction, or settlement, of his claim for damages against the defendant for wrongfully discharging him, as to leave no question of fact for the jury to determine.

The statute of this State, chapter 84, section 59, provides: "No action shall be maintained on a demand settled by a creditor or his attorney entrusted to collect it in full discharge thereof by the receipt of money or other valuable considerations however small."

Under this statute an accord and satisfaction is an executed agreement, whereby one party gives and the other receives, in satisfaction of a demand, liquidated or unliquidated, some money or other valuable consideration, however small. No invariable rule can be laid down as to what constitutes such an agreement, and each case must be determined largely on its own peculiar facts. The agreement need not be express, but may be implied from the circumstances and the conduct of the parties. It must be shown, however, that the debtor tendered the amount in satisfaction of the particular demand, and that it was accepted by the creditor as such. These principles are elementary. But we quote with approval the following language of Pierpont, J., in the leading case of *Preston* v. *Grant,* 34 Vt. 203, as concisely expressing the rule applicable to this case. "To constitute an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered, is bound to understand therefrom, that if he takes it, he takes it subject to such condition."

To justify the instruction of the presiding judge that if the letter was received with the check the verdict must be for the defendant as a matter of law, it must appear that the only permissible inference, to be drawn from the letter, and from all the other facts and circumstances as to the tender and acceptance of the check, is, that it was tendered by the defendant to the plaintiff upon the condition, that if he accepted it, his acceptance of it would be a full satisfaction of

his claim for damages for breach of the contract of employment, as well as payment of the balance due him for wages and expenses, and that it was tendered under such circumstances, or accompanied with such declarations, that the plaintiff knew, or was bound to know therefrom, that it was tendered on such condition.

In considering the question thus presented it is important to keep in mind the fact that the amount of the check was precisely the undisputed amount of the balance due from the defendant to the plaintiff, independent of any damages arising from the breach of the contract, and, therefore, that no part or portion of such damages— the demand which is the subject of the alleged accord and satisfaction — was tendered or accepted. The question here involved, therefore, is not the usual one, whether the tender and acceptance of a part of a claim was a satisfaction of the whole, but rather the unusual one, whether the tender and acceptance of payment of the whole of an undisputed claim constitutes an accord and satisfaction of another distinct and independent claim. It is urged that the tender and receipt of the check in this case, it being only for the amount of the undisputed balance due the plaintiff, was not a sufficient consideration for the alleged accord and satisfaction. But it may have been. Notwithstanding the fact that the amount of the check was admittedly due, yet if the defendant was unwilling to pay it except on the condition that the plaintiff would accept it in full satisfaction of his claim for damages, and tendered it on that condition, and the plaintiff accepted it on that condition, such tender and acceptance would we think constitute a settlement of the plaintiff's claim for damages upon a valid consideration within the meaning of our statute. But the question recurs : Was the check unmistakably tendered and accepted upon that condition? In other words, is that the only reasonable inference to be drawn from all the evidence? We are constrained to answer in the negative. When a person tenders his creditor the exact amount of his undisputed debt, but intends that if it is accepted it shall also be in satisfaction of another demand, fairness and justice require that he should make his intention known to the creditor in some unmistakable manner. The proof should be clear and convincing that the creditor did

understand the condition on which the tender was made, or that the circumstances under which it was made were such that he was bound to understand it.    If the debtor undertakes to state the condition on which he makes the tender his statement should be explicit, and all uncertainty and doubt should be resolved against him.

In his letter to the plaintiff the defendant said : "I enclose herewith the company's check for $21.06, being a settlement in full of all my indebtedness to you and all of yours to me, and ending all existing personal contracts between us."

If nothing further had been added the plaintiff might have been bound to understand that the "indebtedness" referred to embraced his claim for breach of the contract.    But the defendant added an explicit explanation of what the "indebtedness" was.    He stated in the letter specific items of debt and credit, showing precisely what was covered by the check.

No mention was made therein of the possible claim of the plaintiff for damages for breach of the contract, which had at least been hinted at in the previous interview of Saturday.    In that interview the defendant was informed that the plaintiff would not sign a receipt that might discharge his claim for damages, and, although the defendant asked for such receipt, it does not appear with certainty that he had then decided not to pay the balance actually due unless the receipt was signed, for the conversation was then interrupted and nothing more was said or done about the matter.    If the defendant intended, when he sent the check and made up the statement contained in the letter, to permit the plaintiff to accept the check only on condition that it should also settle in full his possible claim for damages, is it unreasonable to infer that he would have expressly so stated?    Not having so stated, but, on the other hand, having shown in the letter that the check was the exact balance of a detailed account therein specified, we think it cannot be held as a matter of law that the plaintiff could not have reasonably understood from the letter and circumstances under which the check was sent that it was payment only of that specific balance of the account admittedly due him, and that the expression "and ending all existing

personal contracts between us," was used to emphasize the fact that the plaintiff was discharged.

The specific instruction complained of took from the jury entirely the question of the effect to be given to the letter as bearing upon the intent with which the check was tendered and accepted.

In *West* v. *Smith*, 101 U. S. 270, it is said : "Doubtless the general rule is that it is the province of the court to construe written instruments ; but it is equally well settled that where the effect of the instrument depends not merely on its construction and meaning, but upon collateral facts and circumstances, the inferences of fact to be drawn from the paper must be left to the jury, or, in other words, where the effect of a written instrument collaterally introduced in evidence depends not merely on its construction and meaning, but also upon extrinsic facts and circumstances, the inferences to be drawn from it are inferences of fact and not of law, and of course are open to explanation."

The effect of a written instrument construed as an independent piece of evidence, apart from any other fact or circumstance, may be quite different from the effect of the same instrument when interpreted in the light of the circumstances and conduct of the parties from which the instrument arose. The letter which accompanied this check does not stand alone to be construed, as to its effect upon the plaintiff, apart from other facts and circumstances. Its effect upon the plaintiff, in contemplation of law, is the effect which it would have had upon a reasonable, fair minded person in his then situation, and in ascertaining that situation consideration must be given to the previous circumstances and conduct of the parties in relation to the subject matter of the letter as well as to the language of the letter.

In 1 Ency. of Ev., page 127, it is said : "If the evidence is not conflicting and only one inference can reasonably be drawn from it, the question is of law and not for the jury. Otherwise the inference of fact is to be drawn by the jury." In the note there referred to it is said : "It is not necessary, in order to make a question for the jury, that there be a conflict of evidence ; if the facts are undisputed, but yet reasonable men might differ in the inferences to be drawn

from them, the question is for the jury." Among the cases there cited in support of the note is *Mortlock* v. *Williams et als.*, 76 Mich. 568, 43 N. W. 592, a case strikingly similar in facts to the one at bar. There the court below ruled as a matter of law that there was an accord and satisfaction, but that ruling was reversed, the court saying :

"We do not think the circumstances warrant this conclusion as a matter of law, but that the whole case should have gone to the jury under proper instructions."

See also *Laroe et al.* v. *Sugar Loaf Dairy Co.*, 180 N. Y. 367, 73 N. E. 61, where, reversing a ruling directing a verdict for the defendant on the ground that the receipt of checks constituted a valid accord and satisfaction, the court said : "at the most it was a question for the jury to pass upon, whether, under the circumstances and the previous transactions between the parties, the plaintiff knew, or should have known, that the check was sent to them on the sole condition that by its acceptance they should discharge the defendant."

It is the opinion of the court in the case at bar that the presiding judge erred in instructing the jury as a matter of law that if the plaintiff received the letter together with the check their verdict should be for the defendant, but that the ultimate question, whether from all the evidence the defendant tendered the check upon the condition that if the plaintiff accepted it, his acceptance of it was to be a satisfaction of his claim for damages as well as payment of the balance admittedly due him, and whether he did know or should have known that the check was tendered on that condition, should have been submitted to the jury with proper instructions.

*Exceptions sustained.*