WALTER R. FOGG *vs.* IVORY A. HALL ET AL.

Cumberland.        Opinion, March 2, 1935.

*E. A. Turner*, for plaintiff.
*Frank I. Cowan*, for defendants. ·

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J. In this action of assumpsit on account annexed to the writ, plaintiff seeks to recover a balance of $743.10, for "the production," between September 1, 1933, and July 1, 1934, of 66,670 quarts of milk, at $4\frac{3}{4}$ cents a quart; the general issue having been pleaded, there was joinder in issue. The jury decided for plaintiff, awarding $720.78.

Whether the verdict is against law and evidence, and whether the damages assessed are excessive, is raised for review by motion for new trial. Exceptions were not preserved.

There is, on the record, no question as to the total amount of milk produced and delivered, nor claim of any payment to be added to that as of June 8, 1934, indicated by defendants' check dated July 23, 1934, to plaintiff's order, for $31.41, except small cash and other items.

A contested question of fact was if, at the making of the oral agreement, in pursuance of which plaintiff entered into possession of defendants' farm in Scarboro, and had the use of their cows to produce the milk, he was promised by them, in addition to an initial rate of 4 cents for each and every quart of milk of future delivery to defendants, an equal division of any increase over the then prevailing price, which they as dealers might receive for the product at retail.

Contention of the defense was that there had been no promise of more than 4 cents a quart for milk; that there had been sundry payments, inclusive of the check of previous mention; there was, besides, claim to recoup for "thinness of cattle and young stock, and depreciation of equipment and machinery."

In order to avail himself of recoupment, namely, show that the plaintiff had not performed the same contract on his part, and abate or reduce damages for such breach in the one action, the defendant must plead it. *Lamson, etc. Mfg. Co.* v. *Russell,* 112 Mass., 387. This may be done by brief statement under the general issue. *Peterson Oven Company* v. *Fickett,* 121 Me., 413, 117 A., 575. In the instant case, as has been said, there was no such plea. Notwithstanding, the testimony offered by the defendants was not objected to on that ground. The negligible impression the testimony made on the jury is not disturbable.

On the face of the $31.41 check was written, to the acceptance of the payee: "In full to June 8 inc."

Little more than rehearsal of pertinent facts is necessary to manifest that the matter of the check was not, to the concurrence of both parties, the settlement of the whole demand by a receipt of any sum less than the amount due thereon. R. S., Chap. 96, Sec. 65. As to this, the testimony is such that only one inference or finding can be made. *Bell* v. *Doyle,* 119 Me., 383, 111 A., 513. The rule of law respecting accord and satisfaction, which applies to demands undisputed as well as to demands disputed, (*Knowlton* v. *Black,* 102 Me., 503, 67 A., 563), has been often stated by this court. Briefly "it must be shown however that the debtor tendered the amount in satisfaction of the particular demand, and that it was accepted by the creditor as such." *Fuller* v. *Smith,* 107 Me., 161, 77 A., 706. See, too, *Anderson* v. *Standard Granite Co.,* 92 Me., 429, 43 A., 21; *Richardson* v. *Taylor,* 100 Me., 175, 60 A., 796; *Chapin* v. *Little Blue School,* 110 Me., 415, 86 A., 838; *Horigan* v. *Chalmers Motor Co.,* 111 Me., 111, 88 A., 357; *Price* v. *McEachern,* 111 Me., 573, 90 A., 486; *Viles* v. *American Realty Company,* 124 Me., 149, 126 A., 818; *Crockett, Appellant,* 130 Me., 135, 154 A., 180. A payment not by way of compromise or settlement of a claim is no bar to a recovery of any balance actually due the creditor. *Ryan* v. *Ward,* 48 N. Y., 204.

The defendants insist, throughout, that their sole undertaking was to pay 4 cents a quart for milk delivered by the plaintiff. The plaintiff testifies that the check was proffered and received in compensation at 4 cents a quart, leaving the "split" unsettled and unpaid. The check is, for the most, a receipt in full, open to qualifica-

tion and explanation. *Duncan* v. *Grant*, 87 Me., 429, 32 A., 1000. Whether explained or not, it constitutes no bar to what is due plaintiff for performance of the contract since that time.

On the whole case, the jury appears to have accepted the plaintiff's version, supplementing the credit originally stated, by $22.32.

It is plain that the jury have drawn certain conclusions unauthorized by proof.

The plaintiff produced and delivered 66,670 quarts of milk. This entitled him, at 4 cents a quart, to $2,666.80. He credits, taking in the check for $31.41, $2,423.74, and agrees, on the stand, that there should be added, for money had by him of defendants, and for a "transfer and registration fee" of some animal, "about $11.00." This seems the extent to enlarge credit. There is due and unpaid the plaintiff, on the 4-cent basis, $232.06.

At this point, the jury lost its footing on reality and sought support from conjecture.

The trial judge, when plaintiff's case had been rested, addressed counsel:

> "I think you will see, Mr. Turner, that there is nothing for the jury to compute here. He (plaintiff) has simply said that he was informed that they (defendants) were getting more than the original price for milk, which he didn't receive compensation for. How much you have not given us any evidence of, whatsoever."

Permitted to produce further evidence, plaintiff was recalled, yet neither from his testimony then, cross-examination of defendants' witnesses, nor the testimony of plaintiff and another witness in rebuttal, was the showing materially changed.

There is not a single figure upon which to reckon what quantity of milk had been sold at retail by the defendants, at a price in excess of that which was ruling when the parties to the action contracted; there was no scope for inference; the damages recoverable, on the theory of division of increase of retail prices, were not so shown as to be ascertainable with reasonable certainty; the evidence was too uncertain to rest a verdict on, even partially.

Option is given plaintiff to reduce the amount of the verdict to $232.06, and to agree that it shall stand for the residue. Election

must be exercised within twenty days from the filing of rescript. Sustaining the motion, setting aside the verdict, and granting a new trial, is conditioned accordingly.

*Remittitur of amount of verdict over $232.06 to be filed not later than twenty days from mandate; otherwise, motion sustained, verdict set aside, new trial granted.*