OSKAR LARSEN
*vs.*
HERMAN ZIMMERMAN AND
BERTHA ZIMMERMAN

Aroostook.    Opinion, October 11, 1957.

*Phillips & Olore,* for the plaintiff.

*James A. Bishop,* for the defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.   This action upon an account annexed for materials furnished and labor performed in the construction of a dwelling house is before us on exceptions to the acceptance of a referee's report.  The referee found for the plaintiff in the amount of the claim, or $776.11.  The sole issue is whether the referee erred as a matter of law in find-

ing that the defendants had not established the defense of accord and satisfaction.

The bill of exceptions reads in part as follows:

> "At the hearing before the referee defendants introduced in evidence, a photostatic copy of a bank check of Herman Zimmerman signed by Bertha Zimmerman, dated November 7, 1953 payable to the order of Oskar Larsen in the amount of $1000.00 drawn on the Northern National Bank of Presque Isle. In the upper left hand corner are the printed words 'By endorsement this check is accepted in full payment of the following account.' Underneath this is written the word 'Final.' Below this is printed, 'If incorrect Please return. No other receipt necessary.' The check bears endorsement on the back 'Oskar Larsen', and the check is perforated to form the following: 'Paid, 11-9-53, 52-123.'"

\* \* \* \* \* \* \* \* \* \*

> "In his findings the referee found as follows: '. . . There is no doubt that the check of Herman Zimmerman dated November 7, 1953 for $1000.00 bearing in the upper left hand corner the word 'final' was intended by the Zimmermans to be a final settlement of the account. It does not appear however, that such intent was made clear to the plaintiff prior to his receipt of the check.'"

\* \* \* \* \* \* \* \* \* \*

> "In his findings the referee also found as follows: 'There is no evidence that the parties discussed the offer of $1,000.00 in final settlement, and the use of the word 'final' on the check does not appear sufficient to prove agreement on the part of the Plaintiff.'"

The defendants contended that the plaintiff had agreed to build the house for $17,000, provided no changes were made. The referee in his report found that the defendants had paid $18,500, that there was no contract for a specific sum, and he declined to consider a claim of damages from

inferior workmanship. No objections were taken to these findings and rulings and they are not before us.

Under R. S. Chap. 113, Sec. 64, there may be an accord and satisfaction of a liquidated or undisputed claim, as distinguished from an unliquidated or disputed claim, by payment of less than the amount due. Thus, the common law is modified by the statute, which reads:

> "No action shall be maintained on a demand settled by a creditor or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small."

It appears clearly from the report of the referee that before the check was delivered to the plaintiff there was a disputed claim arising from the construction of the house. We are not, however, concerned with whether the claim was disputed or undisputed, for in either event the statute is applicable. *Mayo* v. *Stevens,* 61 Me. 562; *Fuller* v. *Smith,* 107 Me. 161, 165, 77 A. 706; *Bell* v. *Doyle,* 119 Me. 383, 111 A. 513; *Fogg* v. *Hall,* 133 Me. 322, 178 A. 56.

In passing upon the exceptions, we accept the facts as found by the referee, and we assume there is supporting evidence therefor. The record before us does not include a transcript of the oral testimony. From the report of the referee and the bill of exceptions it plainly appears that no evidence entered the case relating to the sufficiency of the asserted accord and satisfaction apart from the findings stated above from the bill of exceptions. To these facts— and in particular to the check with its terms and conditions —the referee erroneously applied the pertinent rules of law.

We are mindful of the established rule that a referee's findings of fact stand when based upon any credible evidence. When, however, the referee fails to draw the only reasonable inference from unquestioned facts, there is error of law. So here, in our view the only reasonable inference to

be drawn from facts found by the referee leads directly to the conclusion that the intent of the defendants to make a final settlement was made known to the plaintiff from the check itself, and that the plaintiff accepted the check on the condition therein stated.

The findings "It does not appear, however, that such intent was made clear to the plaintiff prior to his receipt of the check," and "There is no evidence that the parties discussed the offer of $1000.00 in final settlement," are facts accepted by us at their full value. The error of law lies in the conclusion of the referee that to complete an accord and satisfaction the check was not evidence in itself sufficient without more to establish the intention of the defendants and the plaintiff in giving and receiving the check.

The word "final" on the check could have only one meaning to a person in the situation of the plaintiff; namely, that it was the intention of the defendants thereby to settle the claim. What else could "final" mean to the plaintiff contractor? What need was there for the parties to discuss the offer of $1000.00 in final settlement? The plaintiff chose to accept the check with the condition attached. He now seeks to deny the force and effect of the condition, and this he may not do.

*Price* v. *McEachern,* 111 Me. 573, 90 A. 486 and *Bell* v. *Doyle, supra,* cited by the referee in his report, do not require the result reached by him. In *Price, supra,* a jury case, the issue was whether a check for a workman's wages was accepted in full settlement under an oral agreement. There was no writing upon the check, as here. The wide difference from the instant case is shown in the opinion on page 578:

> "The cases cited by the defendants contain written proof that the check or money, if accepted, was in full payment. The contract of acceptance was made clear. But in the case at bar no such evi-

dence appears. The testimony does not show that the defendants presented any new contract or prescribed any conditions, upon the offer of the check to the plaintiff."

In *Bell, supra,* on motion for new trial by the defendant, it was held a question of fact for the jury whether defendant's letter enclosing a statement of accounts and "herewith check to balance" with his check was an accord and satisfaction. The plaintiff at once wrote the defendant that he received the check on account and requested payment of the balance. Not hearing from the defendant, the plaintiff cashed the check. The court said, at p. 387:

"This brings us back to the proposition that accord and satisfaction is a question of fact to be submitted to the jury, . . unless the testimony is such that only one inference or finding can be made."

The governing principles were well stated in *Viles* v. *Realty Company,* 124 Me. 149, 153, 126 A. 818, a case closely analogous to the instant case in that it involved a voucher check in full settlement.

"The court is of the opinion that this defense is sustained by the record before us. The rule of law is familiar and has been so recently stated by this court that an extended restatement here is not necessary. *Fuller* v. *Smith,* 107 Maine, 161, 165; *Chapin* v. *Little Blue School,* 110 Maine, 415, 420; *Bell* v. *Doyle,* 119 Maine, 383. Briefly, 'it must be shown that the debtor tendered the amount in satisfaction of the particular demand, and that it was accepted by the creditor as such.' *Fuller* v. *Smith, supra.* 'If an offer of money is made to one, upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent de facto and he is bound by it. The acceptance of the money involves the acceptance of the condition. Under such circumstances, the assent of the creditor to the terms proposed by the debtor will be implied.' *Anderson* v. *Standard Granite Co.,* 92

Maine, 429, 432; 69 Am. St. Rep., 522. *Price* v. *McEachern,* 111 Maine, 573. *Richardson* v. *Taylor, Admr.,* 100 Maine, 175. The offer and its terms, by the one party, and the acceptance by the other party are ordinarily questions of fact for the jury, unless upon the evidence only one inference can be drawn. *Bell* v. *Doyle,* supra. *Horigan* v. *Chalmers Motor Co.,* 111 Maine, 111, 114. In the instant case submitted on report, the court exercises the functions of a jury."

\* \* \* \* \* \* \* \* \* \*

"This check was received and used by Mr. Viles without question or objection. It is difficult to perceive how in ordinary business dealings the offer of this check in settlement of the unsettled account for wood, and that it was offered upon the terms and conditions, could have been made plainer. It was stated to be in full settlement, and the request was made that it be returned, if not correct."

See also *Crockett, Appellant,* 130 Me. 135, 154 A. 180; *Fogg* v. *Hall,* 133 Me. 322, 178 A. 56; 1 Am. Jur., Accord and Satisfaction Sec. 22 et seq.; 1 C. J. S., Accord and Satisfaction Sec. 33 et seq.; 34 A. L. R. 1034, Annot.; 75 A. L. R. 905, Annot.; 1 Williston, Contracts, Sec. 128 (rev. ed.); 6 Williston, Contracts, Sec. 1854 et seq. (rev. ed.).

The cases cited treat the question of accord and satisfaction as an issue of fact. We reaffirm the rule. Our opinion comes to this: That on the facts here disclosed as a matter of law the fact finder had no choice other than to find the ultimate or decisive fact of an accord and satisfaction. Whether on a new trial before referee or court, the evidence will cast a different light on the issue of accord and satisfaction is of course not known to us.

The entry will be

*Exceptions sustained.*