Jolene EMERSON

v.

Dale SWEET.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1981.

Decided July 23, 1981.

Bernard R. Cratty (orally), Waterville, for plaintiff.

Berman, Berman & Simmons, P. A., Jack H. Simmons (orally), John E. Sedgewick, Lewiston, for defendant.

Before McKUSICK, C. J., and WER-NICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ.

GODFREY, Justice.

Plaintiff Jolene Emerson appeals from a summary judgment entered by the Superior Court for the defendant, Dale Sweet, who was insured by the Maine Bonding and Casualty Company. Maine Bonding issued a check, designating Emerson as payee, for a claim she asserted against Sweet as a result of an automobile accident with Sweet on June 10, 1978. On the authority of *Wiggin v. Sanborn*, 161 Me. 175, 210 A.2d 38 (1965), the Superior Court concluded that Emerson's endorsement of the check and acceptance of payment constituted an accord and satisfaction for all liability arising from the accident and granted Sweet's motion for summary judgment.

On appeal, Emerson contends that the trial court erred in granting summary judgment for the defendant because a genuine issue as to a material fact was in dispute; namely, whether Emerson's endorsement of, and acceptance of payment on, the check issued by Maine Bonding constituted an accord and satisfaction of all liability, including liability for personal injury, arising from the accident. We sustain the appeal and vacate the judgment.

Under Maine law, the existence of an accord is a question of fact, requiring proof of historical facts constituting evidence of a lawful agreement between two parties, one of whom is to give and the other to accept something of value in satisfaction of an existing obligation. Such an agreement when performed becomes a bar to any action on the original obligation.[1] *See Michaud v. Vahlsing, Inc.*, Me., 264 A.2d 539 (1970); *Wiggin v. Sanborn, supra; Farina v. Sheridan Corp.*, 155 Me. 234, 153 A.2d 607 (1959); *Larsen v. Zimmerman*, 153 Me.

116, 135 A.2d 270 (1957); *Wass v. Canadian Realty Co.*, 121 Me. 516, 118 A. 375 (1922); *Bell v. Doyle*, 119 Me. 383, 111 A. 513 (1920); *Fuller v. Smith*, 107 Me. 161, 77 A. 706 (1910). Accord and satisfaction may exist as a matter of law if "an amount is tendered on a clear and unambiguous written condition that it be accepted in full settlement of all claims pending between the parties" and the claimant accepts payment of the amount tendered. *Wiggin v. Sanborn*, 161 Me. 175, 178, 210 A.2d 38, 39 (1965).

In the instant case, the Superior Court entered judgment for the defendant in response to a motion for summary judgment.[2] A proceeding for summary judgment under Maine Rule of Civil Procedure 56 has been properly described as "a far-reaching device which makes possible the prompt disposition of an action without trial if there is no genuine dispute as to any material fact." 2 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice* § 56.1 (1970). Because of the form of evidence properly before a court on a motion for summary judgment, evidentiary inferences based on credibility or weight are impermissible. *See* 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2726 (1973). Thus, the Superior Court was limited to deciding from the pleadings, answers to interrogatories, admissions on file, and affidavits whether there was a genuine issue as to any fact material to the existence of accord and satisfaction. On appellate review, the evidence before the Superior Court must be examined to insure that the substantive law was correctly applied to that evidence in the context of a summary judgment mo-

---

1. Maine cases often discuss accord and satisfaction by reference to 14 M.R.S.A. § 155 (1980), a statutory modification of the common law. The provision states in its entirety:

   No action shall be maintained on a demand settled by a creditor or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small.

   *See Larsen v. Zimmerman*, 153 Me. 116, 118, 135 A.2d 270, 271 (1957); *Mayo v. Stevens*, 61 Me. 562 (1872).

2. Maine Rule of Civil Procedure 56(c) provides in pertinent part as follows:

   Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

tion.[3] *See Aguiluz-Nunez v. Carnival Cruise Lines, Inc.*, 584 F.2d 76 (5th Cir. 1978); *Fournier v. Canadian Pacific R.R.*, 512 F.2d 317 (2nd Cir. 1975).

The automobile collision between Emerson and Sweet occurred in June of 1978. Emerson submitted two cost-of-repair estimates to her insurance agent and reported that no one had been injured. The plaintiff's answers to defendant's interrogatories reveal that in July of 1978 Emerson began to suffer from a variety of ailments which she attributed to the accident and that she received medical treatment for those ailments. On the other hand, the insurer's affidavits indicate that the insurer had no knowledge of Emerson's personal injuries.

On July 24, 1978, Maine Bonding issued a check in the lesser amount of the estimates submitted by Emerson, namely $139.15. The check was made payable to "Jolene E. Emerson." On the face of the check, the following items were type-written: the claim number, the policy number, the date of the accident, the capital letters "PD", the amount, the payee's name and address, and the sentence, "THIS DRAFT IS ISSUED FOR: All liability caused by accident described."[4] The capital letters "PD" appeared beneath the heading "Type", which was printed on the face of the check. The back of the check had the following sentence printed immediately above a space provided for endorsement: "THE ENDORSEMENT HEREOF BY THE PAYEE CONSTITUTES A RECEIPT FOR THE ITEMS MENTIONED ON FACE OF THIS DRAFT." On July 28, 1978, Emerson endorsed the check and accepted payment.

█ As a preliminary matter we conclude that the notations on the face and back of this check did not constitute a "clear and unambiguous written condition" indicating full settlement of all claims pending between the parties. In *Wiggin v. Sanborn*, the insurer issued a check for the cost of repair of automobile damage under similar facts, and this Court upheld a finding of accord and satisfaction and observed that the case need not have been submitted to the jury. But in *Wiggin*, this Court found that language on the face of the check endorsed by the plaintiff left "no room for doubt as to the intention of the debtor and could not reasonably be misunderstood by the creditor." 161 Me. 175, 180, 210 A.2d 38, 41 (1965). We quote the Court's description of the check issued to Wiggin:

> On the face of the draft appeared the name and address of the assured, a reference to the date of the accident and the following language: 'In satisfaction of all claims.' In addition an 'X' was typed in a box opposite the word 'Final.'

161 Me. 175, 177, 210 A.2d 38, 39 (1965). In the instant case, the check endorsed did not unambiguously purport to satisfy "all claims." It made no reference to "satisfaction" of any "claim" let alone "all claims." Nor did the check make any reference to finality, a factor mentioned in this Court's decisions in certain other cases. *E. g., Wiggin v. Sanborn, supra; Larsen v. Zimmerman, supra.* As a result, the written condition did not expressly indicate that a pending claim would be settled by negotiation of the check.

The language used indicated only that the check was issued for all liability caused by an accident described and that the payee, by her endorsement, agreed she received "items" noted on the check's face. Such language is subject to an interpretation that only liability for property damage,

---

**3.** In *Wiggin v. Sanborn, supra*, a case resembling the instant case and cited by the Superior Court as the principal authority for its judgment, the Law Court held that a directed verdict would have been proper in view of the clear and unambiguous way in which the condition of payment was expressed on the face of the instrument. There are critical distinctions between the language on the check in the case before us and that on the check in *Wiggin*. The two cases also differ in that *Wiggin* involved a motion for a directed verdict, not a motion for summary judgment. For discussions comparing the evidence required to support each motion, *see* 2 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice* § 56.2a (1970); 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2713 (1973).

**4.** The words in capital letters were printed on the check, not typewritten.

not personal injury, was being satisfied. The words "accident described" may have been referring solely to the property damage aspect of the accident. Such an interpretation is made somewhat more plausible by the descriptive letters "PD" which appeared on the face of the instrument and which Emerson claims was a standard abbreviation for property damage used by the insurer as part of the description of the accident. Thus, the appellant argues that by endorsing the check she acknowledged receipt of an item mentioned and described on the face of the check; namely, payment for property damage. Resolving all uncertainty against the party responsible for drafting the condition, *Fuller v. Smith*, 107 Me. 161, 167, 77 A. 706, 709 (1910), we conclude that the condition was ambiguous and therefore not sufficient, by itself, to obviate the consideration of other facts material to the existence of accord and satisfaction.[5]

█ Resort to evidence of the circumstances under which the check was issued and accepted does not help the appellee's case. In *Fuller v. Smith*, 107 Me. 161, 165, 77 A. 706, 708 (1910), this Court observed that an accord and satisfaction might arise from an implied agreement and noted the range of historical facts indicative of such an agreement:

> No invariable rule can be laid down as to what constitutes such an agreement, and each case must be determined largely on its own peculiar facts. The agreement need not be express, but may be implied from the circumstances and the conduct of the parties. It must be shown, however, that the debtor tendered the

amount in satisfaction of the particular demand, and that it was accepted by the creditor as such.

In *Fuller*, the Court sustained an appeal from a judgment based on a special verdict in favor of a debtor who raised the defense of accord and satisfaction because there was not clear and convincing proof "that the creditor did understand the condition on which the tender was made, or that the circumstances under which it was made were such that he was bound to understand it." 107 Me. 161, 166–67, 77 A. 706, 709. In the case before us, a review of Emerson's affidavit and her answers to interrogatories propounded by the appellee establishes that competent evidence was before the Superior Court suggesting that she did not accept payment with the understanding that her acceptance would satisfy her whole claim.[6] Emerson's affidavit plainly asserted that she "only negotiated for the property damage." Her answers to interrogatories indicated she was aware that she had suffered personal injuries as a result of the automobile accident before endorsing the check and accepting payment. As *Fuller v. Smith* reveals, the creditor's intent is a fact highly material to accord and satisfaction where the pertinent writing is ambiguous. *Accord, Michaud v. Vahlsing, Inc.*, Me., 264 A.2d 539 (1970); *Fogg v. Hall*, 133 Me. 322, 178 A. 56 (1935). Thus, because evidence before the Superior Court indicates that the language appearing on the face of the check was ambiguous and facts material to the existence of accord and satisfaction were in genuine dispute, we conclude that the Superior Court erred in granting summary judgment for the defendant appellee.

---

5. As we intimated in *Bryson v. Kenney*, 430 A.2d 1102, 1104, n.2 (1981), whether the language of a written condition "clearly and unambiguously" indicates that the parties intended full and final settlement of all possible claims arising from a particular accident may depend upon practices developed in the insurance industry since the Law Court decided *Wiggin v. Sanborn, supra.* We express no opinion here as to what implications the designation "PD" may have in the way of clear and unambiguous evidence of the debtor's intentions except to note that, in the case before us, the presence of that designation on the check

at least supports the creditor's argument that a genuine issue of material fact exists as to the parties' intentions to settle *all* claims.

6. That such an interpretation of the evidence seems less credible than a contrary interpretation is not relevant here. As noted above, to prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact. Thus, the failure of proof, not the relative weight assigned to evidence should control the Court's disposition of the motion.

The entry is:

Appeal sustained.

Judgment vacated and case remanded to the Superior Court for further proceedings.

All concurring.