| 92  | 429 |
| 100 | 176 |

## August N. Anderson *vs.* Standard Granite Company.

### Waldo.    Opinion January 23, 1899.

*Accord and Satisfaction.    Offer and Acceptance.    Payment.    R. S., c. 82, § 45.*

If an offer of money is made to one, upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent de facto and he is bound by it.    The acceptance of the money involves the acceptance of the condition.    Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest even can affect this result.

In an action to recover a balance due on a cargo of paving blocks sold by the plaintiff to the defendant, it appeared that a controversy existed between the parties as to the amount due the plaintiff.    In the original written contract the price was fixed at $45 per thousand for blocks to be delivered by the plaintiff on board vessels at a particular wharf, at which the plaintiff stipulated that there was a certain depth of water.    After the first cargo had been shipped and paid for, the defendant complained that there was not the depth of water at the wharf that the contract called for, and that by reason thereof it was put to additional expense in relation to the first cargo and could not procure vessels for subsequent cargoes at reasonable freight rates.    Considerable correspondence between the parties resulted, during which the president of the defendant company wrote the plaintiff:    "You may charter a vessel to your own liking so that the blocks will not cost me exceeding $58 per M. alongside of the dock in Phila. exclusive of insurance.    I will insure them myself.    You can have a chance to get a vessel of the draught you desire, and the size, and to come on a hightide, etc."    Subsequently, on November 22nd, 1894, the plaintiff procured a vessel and shipped to the defendant the cargo of blocks sued for.    On December 20, 1894, the defendant sent a statement of account to the plaintiff charging itself with this quantity of blocks at $58 per M. less $17 per M. freight paid and showing a balance due the plaintiff of $1046.67. Accompanying this statement, the defendant sent the plaintiff a check for $1046.67 which check contained these words, written into the body thereof:    "Being payment in full balance for cargo Gr. pav. Blks. per schr. J. Henry Edmunds, shipped Nov. 22, 1894."    The plaintiff received this check, indorsed it and collected the proceeds on December 25, 1894 and has since retained the amount.

*Held;* that the payment by the check of December 20th in view of all of the circumstances of the case, must be considered a full satisfaction of the plaintiff's claim; that the amount having been offered in full settlement and having been accepted as such, impliedly at least, the plaintiff cannot treat this sum as a payment pro tanto and recover the balance as due on the original claim;

and that under our statute, R. S., c. 82, § 45, payment so made and accepted is in full satisfaction whether the claim is liquidated or unliquidated.

ON REPORT.

The case appears in the opinion.

*F. W. Brown,* for plaintiff.

*R. F. Dunton,* for defendant.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

WISWELL, J. Prior to the payment hereinafter referred to, and relied upon by the defendant as a full satisfaction of the plaintiff's claim, a controversy existed between these parties as to the amount due the plaintiff for a quantity of granite paving blocks made by the plaintiff and delivered by him to the defendant. The original written contract fixed the price at $45 per thousand for blocks to be delivered by the plaintiff "on board vessels at Lane's wharf, in Searsport, Me., at which wharf there is ten feet of water or more." But after the first cargo had been shipped, which, so far as the case shows, was paid for without dispute, the defendant complained that there was not the depth of water at the wharf where the blocks were to be delivered by the plaintiff on board vessels provided by the defendant, that the contract called for; and that by reason thereof it was put to additional expense in relation to the first cargo and could not procure vessels for subsequent cargoes at reasonable freight rates.

Considerable correspondence between the parties resulted. In the first letter thereafter, the president of the defendant company, C. J. Hall, wrote the plaintiff: "I can not afford to pay rates to get vessels to load with the detention you gave the Oliver." Later he wrote the plaintiff: "You may charter a vessel to your own liking so that the blocks will not cost me exceeding $58 per M. alongside of the dock in Phila. exclusive of insurance. I will insure them myself. You can have a chance to get a vessel of the draught you desire, and the size, and to come on a high tide, etc." Still later, and shortly before the cargo in dispute was shipped,

Hall again wrote: "The only alternative I can give you is the same I gave Gray & Martin, that is to charter a vessel yourself, and that the price of the blocks added to the freight you pay, shall not exceed $58 per M."

After this, on November 22nd, 1894, the plaintiff procured a vessel and shipped to the defendant the cargo of blocks sued for, consisting of 26,748 blocks according to the count in New York, about which there is no dispute. On December 20, 1894, the defendant sent a statement of account to the plaintiff charging itself with this quantity of blocks at $58 per M., less $17 per M. freight paid, leaving $41 per M., amounting to $1096.67 due the plaintiff. In the same statement of account the plaintiff was charged with the sum of $50, about which there is no controversy, and with a check on the Belfast National Bank for $1046.67 to balance the account, which amount did balance the account according to the statement and contention of the defendant. Accompanying this statement the defendant sent to the plaintiff a check dated the same day for $1046.67, which check contained these words written into the body of the check: "Being payment in full balance for cargo Gr. pav. Blks. per schr. J. Henry Edmunds, shipped Nov. 22, 1894." The plaintiff received this check, indorsed it and collected it on December 25, 1894, and has since retained the amount. He now sues to recover the balance of $4 per thousand upon this cargo of blocks, amounting to $106.99. The suit is brought in his name as assignee because of the fact that he subsequently went into insolvency and later bought of the assignee and took an assignment of this and other claims for a consideration of $6.

It is unnecessary to here investigate the merits of the controversy between the parties as to whether the plaintiff was entitled to the sum of $45 per thousand for the blocks, as he claims, or to only $41 per thousand, which amount he received. The payment by the check of December 20, in view of all of the circumstances of the case, must be considered a full satisfaction of the claim. That it was so intended by the defendant company was made as clear and emphatic as it could well be. Before the blocks were

shipped the plaintiff was notified most distinctly of the defendant's position, that it was willing to pay $58 per thousand including freight, and nothing else. The plaintiff procured a vessel and shipped the blocks, knowing perfectly well the defendant's position and subsequently he was notified by the statement of account and by the check that the latter was sent in full payment.

If an offer of money is made to one, upon certain terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent de facto and he is bound by it. The acceptance of the money involves the acceptance of the condition. Under such circumstances, the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest even can affect this result. *Reed* v. *Boardman,* 20 Pick. 441; *Donohue* v. *Woodbury,* 6 Cush. 148; *Fuller* v. *Kent,* 138 N. Y. 231; *McDaniels* v. *Bank of Rutland,* 29 Vt. 230.

The amount having been offered in full settlement, and having been accepted as such, impliedly at least, the plaintiff can not treat this sum as a payment pro tanto and recover the balance as due on the original claim. *Bisbee* v. *Ham,* 47 Maine, 543. And under our statute, R. S., c. 82, § 45, payment so made and accepted is in full satisfaction, whether the claim is liquidated or unliquidated.

It is true that the plaintiff claims in his testimony that he was unable to read writing very well and didn't know of the language above quoted in the check; but, in view of all of the circumstances and correspondence between the parties, we are unable to believe that the plaintiff was not aware that this check was sent him upon the condition that if accepted it would be in full payment of the claim.

*Judgment for the defendant.*