CORNELIUS HORIGAN *vs.* CHALMERS MOTOR COMPANY, and Trustee.

York.   Opinion October 4, 1913.

*Acceptance. Accord and Satisfaction. Breach. Contract. Defect. Guaranty.*
*New Contract.*

1.  On exceptions to the direction of a verdict, the only question is whether any other inference than the one implied by the direction could reasonably have been drawn by the jury; if not, the verdict directed must stand.

2.  The parties to the suit were in controversy, whether defendant was liable under its guaranty, for certain bearings, alleged to be defective in the automobile purchased by plaintiff, of defendant. The defendant wrote to the plaintiff: "we will be willing, in addition to replacing, gratis, the one crank shaft bearing that had a broken ball, to send you the other bearings and simply charge you with the actual cost of the same." The plaintiff in reply telegraphed to defendant: "Ship first express, complete set bearings through sub-agent C. A. Welch for my car." The bearings were accordingly shipped and received by the plaintiff.

3.  *Held,* in suit on the guaranty, that defendant's offer and plaintiff's telegram constituted an accord, and the shipping and receipt of the new bearings, a satisfaction of the plaintiff's claim under the guaranty, and that no other inference is admissible.

4.  When only one inference can reasonably be drawn from the evidence, the question is one of law, and for the court, and not for the jury.

On exceptions by plaintiff.  Exceptions overruled.

This is an action to recover damages for breach of contract of guaranty in writing, that the automobile purchased of defendant should be free from defects in material and workmanship, for one year from date of delivery.  The plea was the general issue and a brief statement in substance that subsequent to the guaranty, the defendant entered in to a new contract with the plaintiff for the sale and delivery to him of certain new parts, which said parts and appliances, when delivered, were to be paid for by the plaintiff and were not furnished under the contract of guaranty.

At the conclusion of the plaintiff's evidence, the presiding Justice directed a verdict for the defendant, to which direction the plaintiff excepted.

The case is stated in the opinion.

*Robert B. Seidel,* for plaintiff.

*Franklin R. Chesley,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, PHILBROOK, JJ.

SAVAGE, C. J.  Action for breach of a contract of guaranty.  The plaintiff purchased an automobile of the defendant company, and as a part of the trade received its guaranty of freedom from defect in material and workmanship for one year from date of delivery.  At the conclusion of the plaintiff's evidence, the presiding Justice directed a verdict for the defendant, to which direction the plaintiff excepted.

The case turns on a single point.  The plaintiff claimed that he discovered certain defects in the car, which were covered by the guaranty, and so notified the defendant.  The parts claimed to be defective were various bearings, in one of which, the crank shaft bearing, a ball was broken.  The parts alleged to be defective were shipped to the defendant, in accordance with the terms of the guaranty.  The defendant denied any liability whatever, except possibly for the crank shaft bearing.  Several letters passed between the parties, in which the plaintiff insisted that his claim was valid, and the defendant insisted with equal force that it was not.  Finally the defendant wrote the plaintiff a letter in which, after arguing the question from its standpoint, it said: "It is not your fault,—

neither is it ours—but we are taking a broad view of the matter, simply with a desire to help you as a Chalmers owner, out of your troubles at a minimum of expense to you, for you have been put in wrong by the people who worked on your car, and if it is possible for you to do so, we would suggest that you make them stand the brunt of the charges. Simply with this desire to help you, we will be willing, in addition to replacing gratis the one crank shaft bearing that had a broken ball, to send you the other bearings and simply charge you with the actual cost of the same. We do not know of a more liberal offer we could make you under the conditions, and we feel sure that after reading this letter you will appreciate that this is simply done for you and no one else.

"If we followed out the terms of our guaranty we would not do anything whatever in the matter, for one of the conditions of our guaranty is as follows: 'This guaranty is such that our liability under it ceases when parts claimed as defective are replaced outside the Chalmers factory, or the shops of Chalmers dealers.' . . . If you accept our offer, and we feel sure you will, we would request that we be authorized to ship these bearings either to you or to our sub-dealer in your city, Mr. C. A. Welch." In reply to this letter the plaintiff telegraphed to the defendant as follows: "Ship, first express, complete set bearings through sub-agent C. A. Welch for my car." The bearings were shipped accordingly, and billed to the plaintiff in accordance with the terms of the offer.

The defendant contends that the telegram of the plaintiff was an acceptance of its offer, and that the offer and the telegram consti- tuted an accord, and the shipping and receipt of the new bearings, a satisfaction of the claim of the plaintiff under the guaranty, that it was, in effect, the substitution of a new contract under such con- ditions as to be a waiver of the claim under the guaranty.

The plaintiff, on the other hand, contends that the language of the defendant's offer was so vague, general and indefinite as not clearly to convey to the plaintiff the impression that if he accepted the offer it would be a settlement of his claim, and that the plaintiff was not bound so to understand it. And further that, in any event, a jury would be warranted in drawing the inference that the plain- tiff did not understand, and was not bound to understand, that the offer was made as an offer of settlement.

Since the presiding Justice directed a verdict, we are only to consider whether any other inference than the one implied by the verdict could reasonably have been drawn. When only one infer-- ence can reasonably be drawn from the evidence, the question is one of law, and for the court, and not for the jury. Otherwise the inference of fact to be drawn by the jury. *Fuller* v. *Smith*, 107 Maine, 161.

The case of *Fuller* v. *Smith* is one cited and relied upon by the plaintiff. It states the law accurately, and we quote from it such statements of law as are applicable to this case. The court said: "An accord and satisfaction is an executed agreement, whereby one party gives and another receives, in satisfaction of a demand, liquidated or unliquidated, some money or other valuable consid- eration, however small. No invariable rule can be laid down as to what constitutes such an agreement, and each case must be deter- mined on its own peculiar facts. The agreement need not be express, but may be implied from the circumstances and the conduct of the parties. It must be shown, however, that the debtor tendered the amount in satisfaction of the particular demand, and that it was accepted by the creditor as such." "When a person tenders his creditor the exact amount of his undisputed debt, but intends that if it is accepted it shall also be in satisfaction of another demand, fairness and justice require that he should make his intention known to the creditor in some unmistakable manner. The proof should be clear and convincing that the creditor did understand the con- dition on which the tender was made, or that the circumstances under which it was made were such that he was bound to under- stand it."

The question then is, is any other inference reasonable and per- missible than that the plaintiff did understand, or under the circum- stances was bound to understand and ought to have understood, that the defendant's offer was made as a proposition of settlement of his claim? If not, then the proof of an accord is "clear and convincing," in the language of *Fuller* v. *Smith*.

There can be no doubt, as we have already stated, that the plain- tiff's telegram was in answer to the defendant's letter containing the offer. He ordered the goods to be shipped through C. A. Welch, as suggested in the letter. Therefore, he accepted the offer with all

the consequences which might follow from what he understood, or was bound to understand, the offer to mean.

We are unable to escape the conclusion that the defendant intended the offer as a settlement and end of the whole controversy. There had been an extended correspondence between the parties in which their varying contentions had been threshed out. The defendant had denied all liability, but in this letter had expressed a willingness to replace the crank shaft bearing, gratis, to give a customer "the benefit of the doubt." The offer itself was to replace the crank shaft bearing without charge, and that would be a compliance with the plaintiff's demand so far. Then as to the other bearings which were the subject of complaint, the defendant offered, not to replace them without charge as the plaintiff demanded, but to supply new ones at cost, without profit. It is difficult to see how the plaintiff could understand the offer to mean that he was to take the new bearings and pay for them at cost, and still leave the controversy open, still leave to himself the right to recover back the same sum so paid, which so far as the case shows would be the measure of damages, if he recovered. It seems to us that such a conclusion would be contrary to reason and ordinary business sense.

The defendant's offer was so clearly intended as a proposition of settlement that the plaintiff was bound, under the circumstances, so to understand it. We think no inference to the contrary is admissible. The direction of a verdict for the defendant was right.

*Exceptions overruled.*