FRED BELL vs. EDWARD H. DOYLE.

Aroostook.    Opinion November 10, 1920.

*Accord and satisfaction.    Under the statute and at common law there must be an
agreement between the parties, either express or implied.    It is a question
of fact for the jury, unless from the evidence one inference or
finding only can be made.*

When accord and satisfaction are relied upon as a defense;

*Held*:

1.  Under R. S., Chap. 87, Sec. 63, as well as at common law, accord and satisfaction is based upon an agreement between the parties.    No invariable rule can be laid down as to what constitutes such an agreement.    Each case must be determined largely on its own particular facts.    The agreement need not be express but may be implied from the circumstances and the conduct of the parties.    It must be shown that the debtor tendered the amount in satisfaction of the particular demand and that it was accepted by the creditor as such.

2.  When the debtor makes tender with condition that if the creditor accepts it he does so in full settlement of the claim, then such tender and acceptance constitute accord and satisfaction, but the proof must be clear and convincing that the creditor understood the condition on which the tender was made, or the circumstances under which it was made were such that he was bound to understand it.

3.  Accord and satisfaction is a fact to be submitted to the jury unless the testimony is such that only one inference or finding can be made.

This is an action of assumpsit to recover $192.57, which plaintiff alleges defendant owed him as a balance due on a sale by plaintiff to defendant of two hundred and thirty-seven sacks of potatoes. Defendant filed a plea of the general issue, and a brief statement under which is alleged accord and satisfaction.    The jury returned a verdict for plaintiff for $161.90.    Defendant excepted to the ruling of the presiding Justice admitting a certain letter offered by plaintiff, and also filed a general motion for a new trial.

Motion and exceptions overruled.

Case is stated in the opinion.

*L. V. Thibodeau, and Shaw & Thornton,* for plaintiff.

*John B. Roberts, and A. S. Crawford,* for defendant.

SITTING: , CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, JJ.

PHILBROOK, J.   This case arose from a transaction wherein the plaintiff sold and delivered to the defendant a quantity of potatoes. The latter is a dealer in and shipper of that commodity.   Part payment was made at the time of delivery, and a memorandum given stipulating that the balance was to be paid when the defendant sold and shipped the potatoes to some one of his customers.   In preparation for such shipment it became necessary to rack the potatoes.   The defendant claims that this operation disclosed the fact that a portion of the stock was unmerchantable, although, as he further claims, he bought and was to pay for merchantable potatoes only.   Thereupon he sent to the defendant a statement of account, based upon his claims, accompanied by his check for the amount due according to those claims.   Both were enclosed in a letter, which quite fully and clearly sets forth the defendant's claims, and closed with the words "Herewith check to balance."   The plaintiff at once wrote the defendant as follows:

"I received last night $377.68 on account of what you owed me. You remember Mr. Doyle that I sold you 237 bbl. of potatoes at $3.25 a barrel.   I have the paper here that you made last fall.   Now Mr. Doyle I think I have waited long enough and I would be pleased if you could send me the balance $192.57.   Let me hear from you by return mail if possible."   The record does not disclose that the defendant made any reply to this letter.

The plaintiff cashed the enclosed check and retained the proceeds. In this suit he seeks to recover the balance referred to in his letter, and has been awarded a favorable jury verdict.

The defendant presents exceptions to a ruling admitting this letter in evidence, and a general motion for a new trial based upon the usual grounds.   The contention, both in the exceptions and in the motion, center about the claim of the defendant that there was an accord and satisfaction which constitutes a bar to this suit.

While accord and satisfaction under the provisions of common law have been discussed in many courts of last resort in other States, yet those discussions, in some particulars, are not applicable in our jurisdiction because of statutory provisions and the interpretation thereof by this court. R. S., Chap. 87, Sec. 63, declares that "No action shall be maintained on a demand settled by a creditor . . . . in full discharge thereof, by the receipt of money, or other valuable consideration, however small." This statute applies to demands undisputed as well as to demands disputed, *Knowlton* v. *Black*, 102 Maine, 503; also to demands either liquidated or unliquidated, *Fuller* v. *Smith*, 107 Maine, 161. That accord and satisfaction under this statute is based upon an agreement between the parties, as at common law, is distinctly declared in the latter case, where the Justice delivering the opinion of the court also says, "No invariable rule can be laid down as to what constitutes such an agreement, and each case must be determined largely on its own peculiar facts. The agreement need not be express, but may be implied from the circumstances and the conduct of the parties. It must be shown, however, that the debtor tendered the amount in satisfaction of the particular demand, and that it was accepted by the creditor as such." In the case from which we have just quoted our court approves the language in *Laroe, et al.* v. *Sugar Loaf Dairy Co.*, 180 N. Y., 367, 73 N. E., 61, where that court, with reference to receipt of checks constituting accord and satisfaction, says "at the most it was a question for the jury to pass upon, whether, under the circumstances and the previous transactions between the parties, the plaintiff knew, or should have known, that the check was sent to them on the sole condition that by its acceptance they should discharge the defendant."

In *Mayo* v. *Stevens*, 61 Maine, 562, this court said, "In order to render payment of part an extinguishment of the whole debt under this statute, both parties must concur in the understanding, that the amount paid is paid and received as and for the whole debt."

*Wellington* v. *Monroe Trotting Park Company*, 90 Maine, 495, was a case where a plaintiff claimed that his horse won first money in a race. The defendant claimed that the horse won second money, which was a sum less than that claimed by the plaintiff. The defendant sent the plaintiff a check for "second money." The plaintiff cashed the check and notified the defendant that he would not accept

the check as "second money" but would credit it on account. The defendant made no reply and this court held that this was not an accord and satisfaction under our statute.

In a more recent case, *Price* v. *McEachern, et al.*, 111 Maine, 573, after fully discussing the principle now under consideration, and especially as found in *Chapin* v. *Little Blue School*, 110 Maine, 415, Mr. Justice SPEAR said "The receipt of a check purporting to be for the balance of an account, and the use of it, in the absence of an agreement to accept in payment in full is not an accord and satisfaction."

We do not overlook cases relied upon by the defendant. In *Anderson* v. *Standard Granite Company*, 92 Maine, 429, it was held, "If an offer of money is made to one, upon terms and conditions, and the party to whom it is offered takes the money, though without words of assent, the acceptance is an assent de facto and he is bound by it. The acceptance of the money involves the acceptance of the condition. Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied and no words of protest even can affect this result."

But in commenting on *Anderson* v. *Granite Co.*, supra, the court in *Price* v. *McEachern*, supra, noted that the Granite Company case required proof, either express or implied, of both offer and acceptance. Depending upon *Anderson* v. *Granite Co.*, supra, *Price* v. *McEachern*, supra, and *Horigan* v. *Chalmers Motor Co.*, 111 Maine, 111, the defendant claims that the understanding by the creditor of the offer made by the debtor is to be determined by the standard of what a reasonable man would have understood under like circumstances. To a great degree this claim is well founded, but there still remains the duty and obligation to prove, by direct or implied testimony, what the debtor's intention was, and that the creditor, or the ordinarily reasonable man under the circumstances, should have understood that intention. But understanding the intention of the debtor and acceptance by the creditor so as to constitute accord and satisfaction are not necessarily one and the same thing, as we have seen in cases already cited. True, if the debtor adds to his intention a condition that if the creditor accepts he does so in full settlement of the claim, and, fully understanding both the intention and the condition, the creditor does accept, then accord and satisfaction are established as a bar to subsequent suit upon the

claim.  But the "proof should be clear and convincing that the creditor did understand the condition on which the tender was made, or the circumstances under which it was made were such that he was bound to understand it."  *Horigan* v. *Chalmers Motor Company,* supra.

This brings us back to the proposition that accord and satisfaction is a question of fact to be submitted to the jury, *Laroe* v. *Sugar Company,* supra, unless the testimony is such that only one inference or finding can be made.  This case was submitted to the jury and the record abundantly shows that it was done under proper instructions by the presiding Justice.  The real issue was tried out by the panel which sat upon the case.  As bearing upon that issue the letter, the admission of which is made subject of exception, was properly admitted.

Upon most careful examination of the record and giving full effect to the very able brief of defendant's counsel, we are unable to say that either the ruling or the verdict was wrong.

*Motion and exceptions overruled.*