FRED M. WASS *vs.* CANADIAN REALTY COMPANY.

Washington.    Opinion October 4, 1922.

*The same legal rule as to agency given in the preceding case, Mitchell v. Canadian Realty Company, applies in this case. The findings of the presiding Justice on questions of fact are final, and the finding of the presiding Justice as to accord and satisfaction involved a question of fact, and is therefore conclusive.*

This case, like the preceding case of *Mitchell* v. *Canadian Realty Company,* concerns a written contract with much the same questions involved as in that case.

*Held:*

1.   That the same legal rule as to agency applies as in the Mitchell Case.

2.   That the price specified in the written contract as "$17.50 and rise which others pay" was correctly construed as meaning that the defendant was to pay $17.50 per cord, and if the market advanced it was to pay the highest market price which pulp wood of quality described in the contract reached in the vicinity of Columbia Falls prior to the delivery on board cars.

3.   The findings as to quantity and quality involved purely questions of fact and are final.

4.   The finding as to accord and satisfaction also involved a question of fact as the testimony on this point was not such that only one inference or finding could be made therefrom, and is therefore conclusive.

On exceptions by defendant.    This is an action of assumpsit to recover the purchase price of pulp wood sold and delivered to defendant under a written contract, heard by the presiding Justice without the intervention of a jury, who gave judgment for plaintiff for $234.44.    Exceptions were taken by defendant to rulings of the presiding Justice upon questions of construction of certain parts of the contract, and to a ruling upon an alleged claim of accord and satisfaction.    Exceptions overruled.

The case is sufficiently stated in the opinion.

*Gray & Sawyer,* for plaintiff.

*Reed V. Jewett,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

CORNISH, C. J. This case, like the preceding case of *Mitchell* v. *Canadian Realty Company*, arises out of the sale and delivery of pulp wood made under a written contract with the defendant, through its agent Ramsdell, dated June 26, 1920, four days after the Mitchell contract was made. It has taken the same course, having been heard by the court at nisi prius without the intervention of a jury and upon the rendering of his decision for the plaintiff in the sum of $234.44 for the balance due it has been brought to the Law Court on defendant's exceptions.

1. AGENCY.

Exception one relates to the admission in evidence of the written contract containing the words "and rise which others pay," the defendant's objection being lack of authority in the agent to make that addition. The facts connected with this are the same as in the Mitchell case and for the same reasons as are given in the opinion in that case this exception must be overruled.

2. CONSTRUCTION OF CONTRACT.

The specification as to price in this contract differs somewhat from that in the Mitchell case. The words are "$17.50 and rise which others pay," instead of "$17.50, if price goes up you to have it." The court held that while the language differed the meaning was the same in both contracts and that under it the defendant was to pay not less than $17.50 per cord, and if the market advanced it was to pay the highest market price which pulp wood of quality described in the contract reached in the vicinity of Columbia Falls prior to the delivery on board cars.

We think this interpretation is correct. Each case really aids the other in this interpretation. The rivalry between pulp wood buyers was evidently keen and this defendant was anxious to secure contracts at the then market price and at any advanced market price before delivery. It made these two contracts four days apart and inserted substantially the same clause in both. Its meaning is clear and is well stated by the court. There was no error in the ruling.

### 3. QUANTITY AND QUALITY.

The finding on these points by the court involved purely questions of fact and was final, the same as in the Mitchell case.

### 4. ACCORD AND SATISFACTION.

The finding of the court on this point is as follows: "The defendant claims that the receipt, retention and use by the plaintiff of the check of May 3, 1921, for $605.60 constituted an accord and satisfaction of plaintiff's claim under the original contract. In the first place I do not think that the words printed and written on the back of the check before delivery to plaintiff necessarily import that the check was tendered upon condition that if the plaintiff accepted it, such acceptance must be in full settlement of all claims of plaintiff under the pulpwood contract, especially so after the erasure of the word 'settlement' by defendant's manager before final acceptance of the check by the plaintiff. Accord and satisfaction is a question of fact to be submitted to the jury, unless the testimony is such that only one inference or finding can be made. *Bell* v. *Doyle*, 119 Maine, 383. The burden is upon the defendants, and the proof must be clear and convincing that the debtor offered the check upon condition that, if accepted, it shall be in full settlement of the demand, and that the creditor understood the condition on which the tender was made or the circumstances under which it was made were such that he was bound to understand it. To my mind the evidence does not establish these facts." He then goes on to discuss and carefully analyze the evidence on this point and concludes: "There was no accord and satisfaction."

This needs no further consideration. The rule of law is correctly stated by the court below and it being a question of fact under the cited case of *Bell* v. *Doyle*, the finding of the court is not subject to exception.

*Exceptions overruled.*