PAUL E. WIGGIN

*vs.*

CLARABELL SANBORN

Kennebec.   Opinion, May 13, 1965.

*George A. Wathen,*
*William M. Finn,* for Plaintiff.

*Joseph Campbell,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, MARDEN, JJ. SIDDALL, J., sat at argument, but retired before opinion was adopted.

WEBBER, J.   The plaintiff brought his complaint for damages alleged to have been caused by the negligent acts of defendant in an automobile collision.   The defendant denied liability and pleaded specially an accord and satisfaction.   By agreement the issue with respect to accord and satisfaction was tried separately, jury verdict thereon being for the defendant.   By his statement of points on appeal, plaintiff assigns as error the failure of the presiding justice to direct a verdict in his behalf as well as the giving of certain instructions to the jury and the failure to instruct as requested.

The facts are not in dispute and need not have been submitted to the jury.   On December 8, 1960, the day the plaintiff's and defendant's automobiles were in collision, the de-

fendant referred the plaintiff to her insurance company. The plaintiff knew that his automobile had been slightly damaged but was not aware that he had any personal injury. Plaintiff went immediately to the office of an agent for defendant's insurance company, and using a form supplied by them, signed a report of the accident. In this report he described the damage to the vehicle and stated that no one was injured. His car was promptly repaired and the bill in the amount of $16.52 paid by the plaintiff. Information as to the cost of repair was given the insurance carrier. On the evening of the day of the accident the plaintiff suffered a stiffening of the back but did not immediately relate these symptoms of injury to the accident. His condition worsened, however, and within a few days he was forced to seek medical assistance. He suffered pain and continued under medical care for many weeks. On December 27, 1960 the insurance carrier issued its draft to the plaintiff in the amount of $16.52. On the face of the draft appeared the name and address of the assured, a reference to the date of the accident and the following language: "In satisfaction of all claims." In addition an "X" was typed in a box opposite the word "Final." On January 13, 1961, more than a month after the accident, the plaintiff endorsed this check at a commercial bank and received payment. The jury concluded that the giving and acceptance of this draft under the circumstances then existing constituted an accord and satisfaction and a final settlement as between the parties.

14 M. R. S. A., Sec. 155 (R. S., 1954, Chap. 113, Sec. 64) provides: "No action shall be maintained on a demand settled by a creditor or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small." We have frequently asserted that settlements are favored by the law. *Valley* v. *B. & M. Railroad*, 103 Me. 106, 68 A. 635; *Borden* v.

*Sandy River & Rangeley Lakes R. R. Co.,* 110 Me. 327, 86 A. 242. A review of the cases makes it clear that when an amount is tendered on a clear and unambiguous written condition that it be accepted in full settlement of all claims pending between the parties, one who accepts the amount offered is bound by the condition as a matter of law. In *Larsen* v. *Zimmerman,* 153 Me. 116, 135 A. (2nd) 270, the parties were involved in a dispute over labor and materials. The buyer sent a check on which appeared "By endorsement this check is accepted in full payment of the following account" and the word "final." The check was accepted even though it was in an amount less than that claimed by the seller. We held that this transaction constituted an accord and satisfaction *as a matter of law* and the seller was bound by the condition stated. To the same effect, *Anderson* v. *Standard Granite Co.,* 92 Me. 429, 43 A. 21; *Viles* v. *Realty Company,* 124 Me. 149, 126 A. 818; *Horigan* v. *Chalmers Motor Co.,* 111 Me. 111, 88 A. 357. The material facts in the instant case are indistinguishable from those in *Larsen.* Plaintiff had a single unliquidated claim for damages arising out of an alleged tort on the part of defendant. Although there may be a number of provable elements of such damages as for example injury to property, pain and suffering, permanent impairment, loss of earning capacity, medical expense and the like, there is but one claim and one cause of action and the whole damage will reduce to a single sum of money.

We distinguish cases in which an issue of fact as to the intention of the parties has been raised and properly submitted to the jury. In *Bell* v. *Doyle,* 119 Me. 383, 111 A. 513, the buyer sent a check accompanied by the statement, "Herewith check to balance" together with a statement of his claims. Although the check was cashed, the seller immediately stated his contrary position and made demand for the balance asserted to be due. The court held that on

these facts the debtor's intention and what the creditor understood or should have understood were properly submitted to the jury. The language employed by the buyer, standing alone, was deemed by the court to leave an area of doubt requiring further clarification. In *Wass* v. *Canadian Realty Co.*, 121 Me. 516, 518, 118 A. 375, 376, the opinion does not inform us as to what words were written on the check but the court attached importance to the fact that the word "settlement" was erased by the defendant before final acceptance of the check by the plaintiff. Although the court held that the facts in *Wass* raised an issue of fact, it accurately restated the governing principle in these terms: "Accord and satisfaction is a question of fact to be submitted to the jury, unless the testimony is such *that only one inference or finding can be made.*" (Emphasis ours.) In *Fuller* v. *Smith*, 107 Me. 161, 77 A. 706, the facts were not unlike those later decided in *Bell* v. *Doyle, supra.* Although the debtor used the phrase "all my indebtedness," he also spelled out in detail how he arrived at the sum tendered leaving open the possible inference that those were the only items intended to be settled. The court held that enough doubt was created to raise a jury question but suggested that if the debtor had made it clear that he intended to include any possible damage arising out of a separate cause of action for breach of contract, the creditor might have been bound by such condition and his acceptance. In the more recent case of *Farina* v. *Sheridan* (1959), 155 Me. 234, 153 A. (2nd) 607, the check was marked "in full" but there was an exchange of correspondence between the parties bearing on their mutual understanding. A divided court felt that the covering letter left room for doubt as to whether the check was intended to be "in full" under any and all conditions. In *Price* v. *McEachern*, 111 Me. 573, 90 A. 486, there was no condition stated in writing on the check or otherwise and a jury verdict for the plaintiff was upheld. Distinguishing cases in which accord and satis-

faction had been deemed demonstrated as a matter of law, the court said at page 578: "The cases cited by the defendants contain *written* proof that the check or money, if accepted, was in full payment. The contract of acceptance was made clear. But in the case at bar no such evidence appears. The testimony does not show that the defendants presented any new contract or prescribed any conditions, upon the offer of the check to the plaintiff." (Emphasis ours.) In *Chapin* v. *Little Blue School,* 110 Me. 415, 86 A. 838, the debtor merely expressed a hope that his payment might be accepted as a just settlement. Held a jury question.

We do not intimate or suggest that accord and satisfaction will be found as a matter of law only when the condition is clearly set forth *in writing*. In an appropriate case there might be no dispute in the testimony as to words used orally in stating a condition in which case only a question of law would arise. There is usually, however, an opportunity for disagreement as to what was spoken which is ordinarily eliminated when the condition is reduced to writing in plain and unmistakable terms. A written condition will present a jury question only when the language employed is ambiguous or there is either an exchange of correspondence or an oral conversation of such a nature as to create doubt as to what was intended or should reasonably have been understood.

In our view the facts of the instant case most closely resemble those in *Larsen*. It would be difficult to imagine how an attendant condition could be more fully or clearly stated. The words "in satisfaction of all claims" and "final" leave no room for doubt as to the intention of the debtor and could not reasonably be misunderstood by the creditor. There was no occasion for submission of the issue to a jury, but no prejudice resulted to the defendant

since the jury resolved the issue in her favor and returned the only verdict which could be sustained on these facts.

Since the plaintiff was not entitled as of right to a jury determination, he cannot be heard to complain of alleged errors in the instructions given by the presiding justice. In essence the complaint relates to the burden of proof imposed on one who raises the issue of accord and satisfaction. Issues in civil cases need only be proved by the preponderance or greater weight of the evidence. Yet as to certain issues the *quality* of evidence essential to the proof must be of a high degree, else it will not preponderate. The rule was clearly stated in *Liberty* v. *Haines*, 103 Me. 182, 192; 68 A. 738, 742: "It would appear from these citations that in this class of cases, the rule which obtains in the ordinary case is so modified in every common law jurisdiction, at least, *that although all the while it only requires a preponderance of the evidence, yet to establish a preponderance, the proof must become 'clear, convincing and satisfactory.'* " (Emphasis ours.) This requirement with respect to the quality of evidence to create a preponderance obtains when the issue is accord and satisfaction. *Wass* v. *Canadian Realty Co. (supra)*.

The entry will be

*Appeal denied.*