Frances M. BRYSON

v.

Patricia KENNEY.

Supreme Judicial Court of Maine.

Argued Jan. 16, 1981.

Decided May 1, 1981.

Dunlap, Wood & O'Brien, Gary C. Wood (orally), Portland, for plaintiff.

Norman & Hanson, Stephen Hessert (orally), Portland, for defendant.

Before McKUSICK, C.J., and WERNICK, GODFREY, NICHOLS, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

In the Superior Court (Cumberland County) Frances Bryson filed a complaint seeking damages for personal injuries arising out of an automobile accident. The defendant, Patricia Kenney, raised as an affirmative defense that an accord and satisfaction [1] between Bryson and Kenney's insurer, Home Insurance Companies (hereafter "Home"), barred the suit. Summary judgment was entered for Kenney, and Bryson appeals, arguing that there is a genuine issue of fact as to whether Bryson and

---

1. Kenney denominated her affirmative defense "release" rather than "accord and satisfaction." Both are affirmative defenses required to be raised in a defendant's responsive pleading. See M.R.Civ.P. 8(c); Frost v. Lucey, Me., 231 A.2d 441 (1967). Since the parties tried the issue of accord and satisfaction on the motion for summary judgment, we shall act as if it had been properly raised in the pleadings. See M.R.Civ.P. 15(b); cf. Graffam v. Geronda, Me., 304 A.2d 76 (1973).

Home intended to settle Bryson's entire claim. We vacate the judgment and remand to Superior Court for further proceedings.

Shortly after midnight on December 20, 1975, the Bryson and Kenney cars collided on Fore Street in Portland, damaging the former. Bryson, by letter dated December 22, informed Home of the accident. She stated that she is a teacher with only one car who commutes to work; thus she desired to have her car repaired before the end of her school's vacation. She noted that she would have to have a check from Home to pay for the repairs by January 2.

By letter dated December 23, Home sent a claims form to Bryson. She returned this form to Home on December 24, answering "No" to the question "Were you or any one riding in your car injured?" In her affidavit, Bryson asserts that she took her car to Morong Brothers Body Shop and obtained an appraisal for repairs which she relayed to Home. Bryson asserts that after several telephone conversations with Home she was told to go ahead and have her car repaired at Morong Brothers and Home would pay for it.

On December 30, an adjuster for Home agreed on a price of $487.66 with Morong Brothers for repairing Bryson's car. The garage repaired the car, and Home issued a check as follows:

---

16014305    THE HOME INSURANCE COMPANIES    JAN 12 '76    [ 1 ]

CLAIM NUMBER | 1 OF 1 | POLICY NUMBER & INSURED NAME | rw Ptld. 1-2-76

011A530,733    1    T162574    Herbert H. Kenny, Jr.

UPON ACCEPTANCE PAY TO ORDER OF ___ Frances M. Bryson    PAID   ***487.66***

S3: Any and all claims resulting from accident @ Portland, Maine

OCCURRENCE DATE 12/19/75

Mrs. Frances M. Bryson
16 Braeburn Rd.
Portland, Maine 04101

NON-NEGOTIABLE

⑈16014305⑈ ⑆0210⑈0008⑆ 03152958⑈    ⑈00000487 66⑈

THE INFORMATION IS CORRECT: (YES OR NO)    YOUR SIGNATURE

---

The words "IN FULL AND FINAL SETTLEMENT OF" were printed in small print on the check. The typed words "S3: Any and all claims . . ." overlap and obscure the printed words "IN FULL AND FINAL SETTLEMENT OF."

Bryson asserts that on the day she received the check, she used it to pay for her car repairs. She does not recall whether or not she read the check. She asserts that she had previously told Home that without the check she would be unable to pay for the repairs.

In her complaint, Bryson seeks damages for a neck and upper back injury resulting from the accident. In her affidavit she states that although she suffered minor symptoms before cashing the check, she was unaware of the extent of her injuries. She did not tell Home about her injuries prior to cashing the check, and at no time did she discuss with Home the possibility of personal injury claims. By accepting the check, Bryson states that she did not intend to release Home or Kenney from liability for her personal injuries.

■ Summary judgment is appropriate only where there is no genuine issue as to any material fact and a party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). Summary judgment for Kenney was entered on the basis of her affirmative defense of accord and satisfaction.

■ 14 M.R.S.A. § 155 (1980) provides: "No action shall be maintained on a demand

settled by a creditor or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small." The burden is on the defendant, who raised the issue of accord and satisfaction, to prove that the debtor tendered the amount in satisfaction of the particular demand, and that it was accepted by the creditor as such. *Viles v. American Realty Co.*, 124 Me. 149, 153, 126 A. 818, 820 (1924); *Wass v. Canadian Realty Co.*, 121 Me. 516, 518, 118 A. 375, 376 (1922). "The offer and its terms, by the one party, and the acceptance by the other party are ordinarily questions of fact for the jury, unless upon the evidence only one inference can be drawn." *Viles*, 124 Me. at 154, 126 A. at 820.

Kenny argues that here only one inference can be drawn from the language written on the front of the check, relying heavily on *Wiggin v. Sanborn*, 161 Me. 175, 210 A.2d 38 (1965). In *Wiggin* the plaintiff, after an automobile accident, reported to the defendant's insurance company that he had suffered no personal injuries but had sustained damage to his car. The car was repaired for $16.52, and information as to the cost was given to the insurance company. About three weeks later the insurance company issued a draft to the plaintiff for $16.52. On its face appeared the language: "In satisfaction of all claims." An "X" was typed in a box opposite the word "Final." Two weeks later, the plaintiff endorsed the check and received payment. We stated that when an amount is tendered on a clear and unambiguous written condition that it be accepted in full settlement of all claims pending between the parties, one who accepts the amount offered is bound by the condition as a matter of law. *Wiggin*, 161 Me. at 178, 210 A.2d at 39. However, the court went on to distinguish cases in which

an issue of fact as to the intention of the parties had been raised, and stated that such circumstances will present a jury question where there is an exchange of correspondence or "an oral conversation of such a nature as to create doubt as to what was intended or should reasonably have been understood." *Id.* at 180, 210 A.2d at 41.

In determining what "should reasonably have been understood" by Bryson, the law looks to the effect which the written condition would have had upon a reasonable, fair-minded person in Bryson's then situation, and in ascertaining that situation, consideration must be given to the previous circumstances and conduct of the parties. *Farina v. Sheridan Corp.*, 155 Me. 234, 240, 153 A.2d 607, 611 (1959).

Assuming that we would decide *Wiggin* the same way today,[2] we can distinguish this case. In her affidavit, Bryson asserts that Home, being aware of Bryson's need for her car in order to commute to work and of Bryson's inability to pay for the needed repairs, told Bryson to have her car repaired and that Home would pay for it. Home then issued a check for $487.66, the exact amount of the repair bill. Thus, a reasonable, fair-minded person in Bryson's situation might have understood the written condition on the check to refer to and be limited by the previous conversation: *i. e.*, any and all claims *of property damage to Bryson's car* resulting from the accident. These allegations alone generate a genuine issue of material fact about the parties' intentions, making this case inappropriate for summary judgment.

Moreover, the critical words "IN FULL AND FINAL SETTLEMENT" on the check are nearly illegible, being in very small print and obscured by other language

---

**2.** In *Wiggin* this court found it "difficult to imagine how an attendant condition could be more fully or clearly stated" than by the words "in satisfaction of all claims" and "final." 161 Me. at 180, 210 A.2d at 41. We no longer find it difficult, at least in the case where the purported *settlement of the claim arises from an alleged tort which may involve damages to both property and person*. In such a case, for example, a specific reference to personal injuries and property damage in the written condition would be one step towards more fully and clearly stating what the debtor intended. There may have developed practices within the insurance industry which might have an effect upon the applicability of the *Wiggin* standard. Such evidence is not now before us, however.

typed on the check. This court in the past has entertained the argument that no accord was reached when the creditor was unable to read writing very well, and thus was unaware of a written condition on a check. *See Anderson v. Standard Granite Co.*, 92 Me. 429, 432, 43 A. 21, 22 (1899) (contention rejected on grounds that in view of other correspondence court was "unable to believe that the plaintiff was not aware that this check was sent to him upon the condition that if accepted it would be in full payment of the claim"). Similarly, when, because of its illegibility, placement or other physical characteristics, a written condition is neither understood by the actual creditor nor likely to be understood by a reasonable, fair-minded person in the creditor's situation, then no accord and satisfaction can be based upon that written condition.

Since we find that a genuine issue of material fact existed as to whether or not there was an accord and satisfaction between the parties, we need not reach the other issues raised by Bryson.

The entry is:

Summary judgment vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.