OPINION
{¶ 1} Plaintiff-appellant Eric Osborne appeals from the July 31, 2006, Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee Erick McCalla.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 31, 2004, appellant Eric Osborne and appellee Erick McCalla were involved in a motor vehicle accident. The accident was caused when appellee Erick McCalla failed to yield the right of way. After the accident, appellant was taken to the hospital emergency room because he had lacerations to his head and scrapes on his arms. He was treated and released the same day after getting stitches in his head.
 {¶ 3} At the time of the accident, appellee was insured by Progressive Insurance Company. On September 1, 2004, Scott Fleishman, an adjuster for Progressive Insurance Company, contacted appellant by telephone and asked appellant to meet him the next day. The two met the next day at appellant's place of employment. At the meeting, Fleishman made an offer to settle appellant's injury claim for $800.00 above and beyond appellant's medical bills. Appellant did not accept such offer, stating that he had missed some work due to his injuries. In response, Fleishman increased the offer to $1,000.00. Appellant accepted such offer and, on September 2, 2004, signed a "Full Release of All Claims with Indemnity" that awarded appellant $1,000.00 and a maximum of $500.00 towards any additional medical expenses within 30 days of the date of the release. The release stated, in relevant part, as follows:
 {¶ 4} "It is understood and agreed that this settlement is in full compromise of a doubtful and disputed claim as to both questions of liability and as to the nature and *Page 3 
extent of the injuries and damage, and that neither this release, nor the payment pursuant thereto, shall be construed as an admission of liability, such being denied.
 {¶ 5} "The undersigned hereby declare(s) and represent(s) that the injuries are or may be permanent and the recovery therefrom is uncertain and indefinite and in making this release, it is understood and agreed that the undersigned rely(ies) wholly upon the undersigned's judgment, belief, and knowledge of the nature, extent, effect and duration of said injuries and liability therefore and is made without reliance upon any statement or representation of the party or parties being released, or their representatives, or by any physician or surgeon by them employed."
 {¶ 6} Appellant also signed a medical authorization on September 2, 2004.[1] A draft in the amount of $1,000.00 was presented to appellant which he cashed the next day.
 {¶ 7} Approximately three weeks after the accident, appellant went back to the hospital because his back and neck started hurting. Two weeks later, he started seeing a chiropractor. Appellant saw a chiropractor from October of 2004 through May of 2005.
 {¶ 8} Subsequently, on April 6, 2006, appellant filed a complaint against appellee seeking compensation for his injuries. On July 31, 2006, appellee filed a Motion for Summary Judgment based on the release signed by appellant. Pursuant to a Judgment Entry filed on July 31, 2006, the trial court granted appellee's Motion for Summary Judgment stating, in relevant part, as follows:
 {¶ 9} "The plaintiff states that he did not read the entire release. The Court finds that the plaintiff does not allege any form of fraud, misrepresentation, or other *Page 4 
misconduct on behalf of the adjuster. Plaintiff simply failed to read the release before signing the release and accepting the funds. Plaintiff did not read the release after accepting the funds and prior to cashing the funds. The Court finds that the defendant is entitled to summary judgment on the facts properly before the Court."
 {¶ 10} Appellant now appeals from the trial court's July 31, 2006 Judgment Entry, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SINCE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER OR NOT THE RESPECTIVE PARTIES INTENDED THE RELEASE TO BE A COMPLETE BAR TO ALL FUTURE CLAIMS AND CONSTITUTES A MUTUAL MISTAKE IN THE EXECUTION OF SAID RELEASE.
 {¶ 12} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SINCE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER OR NOT THERE WAS A BONAFIDE GOOD FAITH DISPUTE ABOUT THE DEBT BETWEEN THE PARTIES SUCH THAT DEFENDANT'S ASSERTED DEFENSE OF `ACCORD AND SATISFACTION,' AS SET FORTH IN ITS MOTION FOR SUMMARY JUDGMENT, SHOULD NOT APPLY TO THE PRESENT FACTS."
 I, II {¶ 13} Appellant, in his two assignments of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment. Appellant specifically contends that the trial court erred in granting summary judgment because there were genuine issues of material fact as to whether the parties intended the release to bar any and all *Page 5 
future claims and as to whether there was a mutual mistake of fact in the execution of the release. Appellant also argues that there were genuine issues of material fact as to whether or not there was a bona fide good faith dispute about the debt between the parties. We disagree.
 {¶ 14} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides the following, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion *Page 6 
that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264.
 {¶ 16} Appellant, in his first assignment of error, argues that there was a mutual mistake and the parties did not intend for the release to bar any and all future claims. In Sloan v. The Standard Oil Co. (1964),177 Ohio St. 149, 203 N.E.2d 237, the Ohio Supreme Court stated in paragraph one of the syllabus as follows: "A release may be avoided where the releasor can establish by clear and convincing evidence that it was executed by mutual mistake, as between himself and the releasee, of a past or present fact material to the release, as where there was a mutual mistake as to the existence of any injury of the releasor, unless it appears further that the parties intended that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished." A mutual mistake requires a mistake made by both parties regarding the same fact. See Reilley v. Richards,69 Ohio St.3d 352, 353, 1994-Ohio-528, 632 N.E.2d 507.
 {¶ 17} The Ohio Supreme Court, in Sloan, enumerated seven factors that it said have been judicially recognized as aids in determining the intent of the parties at the time a release is executed. According to the Supreme Court, those factors, "[s]tated favorably to the party seeking rescission or cancellation" of the release, are: 1) The absence of bargaining and negotiating leading to settlement; 2) the releasee is clearly *Page 7 
liable; 3) absence of discussion concerning personal injuries; 4) the contention that the injuries were in fact unknown at the time the release was executed is reasonable; 5) an inadequate amount of consideration received compared with the risk of the existence of unknown injuries; 6) haste by the releasee in securing the release; and 7) the terms of the release exclude the injuries alleged. Id., at 153. (Citations omitted and numbers added.)
 {¶ 18} There is no dispute in the case sub judice that appellee was liable for the accident. As is stated above, after discussing appellant's injuries with him, Fleishman originally offered appellant $800.00 above and beyond his medical bills to settle the within matter in full. At the time, appellant indicated to Fleishman that he did not foresee any further medical treatment other than having his stitches removed. However, appellant rejected such offer on the basis that he had missed work. In response, Fleishman increased his offer to $1,000.00. Thus, there was bargaining and negotiating that led to settlement as well as a discussion of appellant's injuries. During his deposition, appellant testified that he had an opportunity to ask questions about the release and that his questions were answered. He further testified that he read only "some" of the release, although he was unable to recall what parts he had read. Deposition Transcript of Eric Osborne at 25. After accepting the offer, appellant signed a release that he concedes is not ambiguous and that he concedes fully and completely releases all claims, including temporary or permanent.
 {¶ 19} Based on the foregoing, we find that there were no genuine issues of material fact as to whether the parties intended the release to bar any and all future claims and as to whether there was a mutual mistake of fact in the execution of the *Page 8 
release. There is no evidence that Progressive Insurance, through Fleishman, entered into the release by mutual mistake. We concur with the trial court that appellant "simply failed to read the release" before signing the same and accepting funds.
 {¶ 20} Appellant, in his brief, also argues that the trial court erred in finding that an accord and satisfaction barred appellant from bringing his lawsuit. A valid accord and satisfaction may be asserted as an affirmative defense to a claim for monetary damages. Allen v. R.G.Indus. Supply, 66 Ohio St.3d 229, 231, 1993-Ohio-43, 611 N.E.2d 794. When defendant attempts to rely on the affirmative defense of an accord and satisfaction, three elements must be met. Id. The defendant must show the presence of an accord, i.e., an offer and acceptance. The defendant must next show that the accord was actually executed or carried out. Finally, the defendant must demonstrate that the accord and satisfaction was supported by some form of consideration. Id at 231-232.
 {¶ 21} The Ohio Supreme Court has further recognized two safeguards that must be present for there to be a valid accord and satisfaction: "`[1] there must be a good-faith dispute about the debt and [2] the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt.'" Id. at 232, citing AFC Interiors v.DiCello (1989), 46 Ohio St.3d 1, 12, 544 N.E.2d 869.
 {¶ 22} In the case sub judice, Scott Fleishman, the insurance adjuster, met in person with appellant to discuss appellant's injuries and settlement of the same. As is stated above, after rejecting Fleishman's initial offer, appellant accepted a higher offer and signed a release of all claims. Appellant then cashed the draft in the amount of *Page 9 
$1,000.00 presented to him by Fleishman. The draft specifically indicated that the $1,000.00 was in payment of "full/final release" of appellant's claim.
 {¶ 23} Thus, based on the fact that the parties' negotiated the settlement, there was a good faith dispute about the debt. Based on the above language in the draft, there was reasonable notice that the draft was intended to be in full satisfaction of the same. We find that, therefore, the trial court did not err in finding that an accord and satisfaction barred appellant from bringing his lawsuit.
 {¶ 24} Based on the foregoing, we find that there are no genuine issues of material fact and that the trial court did not err in granting appellee's Motion for Summary Judgment.
 {¶ 25} Appellant's two assignments of error are, therefore, overruled.
 {¶ 26} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J. Gwin, P.J. and Hoffman, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Fleishman, during his deposition, testified that the medical authorization was signed prior to the release. *Page 1