BYARS et al., Appellants,

v.

RLG BUILDER, INC., et al., Appellees.

[Cite as *Byars v. RLG Builder, Inc.,* 187 Ohio App.3d 651, 2010-Ohio-2869.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 10 CAE 02 0013.

Decided June 16, 2010.

652

Steven E. Hillman, for appellants.

Jones & Ryan, Grey W. Jones, and Cheryl L. Ryan; and Kevin M. Maloney, for appellees.

DELANEY, Judge.

{¶ 1} Plaintiffs-appellants, Robert and Venetia Byars, appeal from the judgment of the Delaware County Court of Common Pleas, granting the summary-judgment motion of defendants-appellees, RLG Builder, Inc. and Richard Grutsch.

## STATEMENT OF THE FACTS AND THE CASE

{¶ 2} On June 22, 2005, appellants entered into a real estate purchase contract with appellee RLG Builder, Inc. ("RLG") for the purchase of a new home located in Lewis Center, Ohio. Appellee Richard Grutsch is the president of RLG. The interior of the home was not completed at the time the parties entered into the real estate purchase contract, thereby allowing appellants the opportunity to make upgrades to the interior. The purchase price of the home was $430,000. Closing was scheduled on the home for August 5, 2005.

{¶ 3} Appellants conducted an inspection on the home in late July 2005, which revealed that much of the interior of the home was not completed. The closing on the home was delayed until August 10, 2005, to give RLG the opportunity to complete the home. Appellants inspected the home again on August 1, 2005, to find that the interior was not yet complete. Appellants gave a punch list to Grutsch detailing defects in the completed work that were to be repaired prior to closing.

{¶ 4} At the closing on August 10, 2005, Grutsch represented to appellants that the work on the home was completed. At the closing, Grutsch delivered to appellants a limited warranty. The limited warranty was a standard form prepared by the Building Industry Association ("BIA") of Central Ohio, of which RLG was a member. The warranty stated that within one year from the date of closing, RLG would repair or replace any defects in material or workmanship discovered by appellants. With the limited warranty, RLG also gave appellants a homeowner's manual. The BIA also prepared the homeowner's manual.

{¶ 5} After the closing, appellants discovered that the home was not complete and some of the work was defective. Appellants contacted RLG to complete the home and remedy the deficiencies. RLG argued that the work requested by appellants was completed. Appellants hired independent contractors to complete the work or made repairs themselves.

{¶ 6} Upon review of the homeowner's manual, appellants discovered a grievance procedure established by the BIA. It states:

{¶ 7} "The Building Industry Association of Central Ohio (BIA) encourages all Builders and Owners to resolve any disputes in an orderly and timely fashion. The Owner should notify the Builder of any complaints in writing and allow a reasonable period for the Builder to respond.

{¶ 8} "If a dispute cannot be resolved, the complaining party can write to the BIA and include the following information: * * *

{¶ 9} "The BIA will write urging the Builder to settle the dispute.

{¶ 10} "If the dispute has not been settled, the Owner may pay a fee and register for a Dispute Settlement Hearing through the BIA's Professional Standards Committee, * * *

{¶ 11} "Once a Hearing is scheduled, the BIA's Professional Standards Committee will meet with the Owner and Builder to inspect the home and report its findings. The hearing is limited to issues listed in the written Dispute Settlement Hearing registration form.

{¶ 12} "After the hearing, the BIA's Professional Standards Committee will notify both the Owner and the Builder of its decision in the case. If the decision

calls for repairs by the Builder, the Committee will name a deadline for repairs. If the Builder fails to comply with the decision, the Builder's membership in the BIA may be suspended or revoked."

{¶ 13} In October 2006, appellants submitted a BIA Professional Standards Request for Review listing the defects in the home that appellants requested RLG to repair. The form, prepared by the BIA, states, "I understand and accept that the BIA's ability to enforce the findings of the Professional Standards Committee is limited. In the event the Committee's decision is not respected by the Builder, the BIA cannot be held liable if it is unable to force the Builder to comply with the decision of the Committee." The form further states, "Should either the builder or the homeowner disagree with the decision, it may file for an appeal in front of the full Committee."

{¶ 14} On November 14, 2006, the BIA sent Grutsch a letter asking him to review the enclosed form listing the disputed items and to indicate which items he and RLG agreed to repair. A hearing before the BIA Professional Standards Committee was held on January 23, 2007. On March 13, 2007, the BIA Professional Standards Review Committee issued its hearing decision. The hearing decision indicated the repairs that BIA determined RLG was responsible for and the deadline under which the repairs should be made. The hearing decision states:

{¶ 15} "Further, the Homeowner has the right to accept or reject the entire decision, without additions and/or changes, but not to selectively accept or reject a portion of it. Failure to accept the entire decision constitutes a rejection of the same. Under certain circumstances, the decision may be appealed by the Homeowner and/or Builder. If the Homeowner accepts the decision, the Builder and Homeowner are bound by the decision. To indicate acceptance, the Home-owner must sign a copy of this decision and return it to the Building Industry Association (BIA) * * *."

{¶ 16} Appellants signed the hearing decision and returned it to the BIA. RLG engaged in the repairs listed by the BIA in the hearing decision. While RLG was completing the repairs listed by the BIA, appellants filed a complaint with the Delaware County Court of Common Pleas against appellees under case No. 07–CVH–08–0924 on August 8, 2007. On September 6, 2007, the BIA Profession-al Standards Committee determined that appellants' lawsuit terminated the dispute process between appellants and appellee through the BIA.

{¶ 17} Appellants voluntarily dismissed their original complaint against appel-lees. On April 8, 2009, appellants re-filed their complaint against RLG, Grutsch, and the BIA. In the complaint, appellants alleged the following causes of action: (1) violation of the Consumer Sales Practices Act ("CSPA") against appellees, (2) negligence as to RLG, (3) breach of the implied warranties of merchantability and

fitness of purchase as to RLG and Grutsch, (4) fraud as to RLG and Grutsch, (5) fraud as to RLG, Grutsch, and BIA, and (6) breach of contract as to RLG and Grutsch.

{¶ 18} Appellees filed an answer and raised the affirmative defenses of accord and satisfaction and equitable estoppel. On June 1, 2009, appellants dismissed BIA as a defendant in the matter, with prejudice.

{¶ 19} Appellees filed their motion for summary judgment on August 24, 2009, to which appellants responded. The trial court issued its decision on January 14, 2010, granting summary judgment in favor of appellees. The trial court found that all of appellants' claims against appellees were barred by the doctrines of accord and satisfaction and equitable estoppel due to appellants' acceptance of the BIA hearing decision.

{¶ 20} It is from this decision that appellants now appeal.

## ASSIGNMENTS OF ERROR

{¶ 21} Appellants raise three assignments of error.

{¶ 22} "I. When the material facts of a case are in dispute, issues of material fact do exist; summary judgment becomes inappropriate and must be denied.

{¶ 23} "II. The trial court erred in sustaining the defendant/appellee's motion for summary judgment by finding that an accord and satisfaction existed in that there were no disputed facts as to the accord or the satisfaction.

{¶ 24} "III. The trial court erred in sustaining the defendant/appellee's motion for summary judgment by finding that equitable estoppel applied and that there were no disputed facts as to equitable estoppel."

## STANDARD OF REVIEW

{¶ 25} We will first address the standard of review applicable to appellants' assignments of error. Summary-judgment motions are to be resolved in light of the dictates of Civ.R. 56. That rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 26} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio

St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 27} As an appellate court reviewing summary-judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

## I

{¶ 28} Appellants' first assignment of error argues in general that it was error by the trial court to grant summary judgment in favor of appellees. We will consider the first assignment of error in conjunction with our review of appellants' second and third assignments of error.

## II

{¶ 29} Appellants argue in their second assignment of error that the trial court erred when it granted summary judgment in favor of appellees under the doctrine of accord and satisfaction. We agree.

{¶ 30} Appellees state that when appellants accepted the BIA hearing decision and appellees conducted repairs on the home pursuant to the hearing decision, accord and satisfaction occurred, therefore barring all of appellants' claims of liability. Upon review of the law of accord and satisfaction, we find that the doctrine has no application to the facts of the present case.

{¶ 31} "Accord and satisfaction is an affirmative defense to a claim for money damages. If a party against whom a claim for damages is made can prove accord and satisfaction, that party's debt is discharged by operation of law." *Allen v. R.G. Indus. Supply* (1993), 66 Ohio St.3d 229, 231, 611 N.E.2d 794. "An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract. *Air Van Lines, Inc. v. Buster* (Alaska 1983), 673 P.2d 774, 777, 42 A.L.R.4th 1, 5; see Calamari & Perillo, Contracts (3d Ed.1987) 214–215, Section 4–11." Id.

{¶ 32} "In Ohio, the situation in which an accord and satisfaction can arise is well settled:

{¶ 33} " 'Where there is a *bona fide* dispute over an unliquidated demand and the debtor tenders an amount less than the amount in dispute, upon the express condition that it shall be in full [satisfaction] of the disputed claim, the creditor has but one alternative; he must accept the amount tendered upon the terms of the condition, unless the condition be waived, or he must reject it

entirely, or if he has received the amount by check in a letter, he must return it.' *Seeds Grain & Hay Co. v. Conger* (1910), 83 Ohio St. 169, 93 N.E. 892, paragraph one of the syllabus." Id.

{¶ 34} In this case, appellants' complaint raises causes of action for negligence, breach of warranty, and breach of contract based on the alleged defects in the home. Appellants demand economic and noneconomic damages. Appellants' complaint goes further to request statutory damages for violations of the CSPA and damages for fraud based upon the limited warranty presented to appellants by appellees at the closing. Appellees urge this court to affirm the trial court by finding that the BIA mediation process and the resulting BIA hearing decision resolved all of appellants' claims. The BIA hearing decision was the accord: the contract between the parties to settle the "debt" owed by appellees. The work done by appellees on the home was the satisfaction, i.e., the performance of the contract.

{¶ 35} We find that appellees' interpretation of accord and satisfaction is broader than has been utilized by the Ohio Supreme Court and this court. A review of the case law shows that the doctrine of accord and satisfaction is applied to the settlement of a monetary debt owed. However, the Ohio Supreme Court has opined that accord and satisfaction can have application to the financial settlement of tort claims. It stated in *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d at 233, 611 N.E.2d 794:

{¶ 36} "[A]ccord and satisfaction defenses most frequently are seen in cases in which a contract claim provides the underlying cause of action. To date this court has dealt with accord and satisfaction only in contract cases. However, because accord and satisfaction involves the creation of a new agreement between the parties, *AFC Interiors* [*v. Di Cello* (1989),] 46 Ohio St.3d [1,] 8, 544 N.E.2d [869] (H. Brown, J., dissenting on other grounds), it is not dependent on the existence of an underlying contract and the doctrine is applicable to the settlement of tort claims. See, e.g., *Mullinax v. Shaw* (1977), 143 Ga.App. 657, 239 S.E.2d 547; *Wiggin v. Sanborn* (1965), 161 Me. 175, 210 A.2d 38; *Texas & Pacific Ry. Co. v. Poe* (1938), 131 Tex. 337, 115 S.W.2d 591. In a tort case an accord and satisfaction arises from an offer by the tortfeasor to pay the injured party a certain sum in exchange for a release of the tortfeasor from further liability."

{¶ 37} In *Osborne v. McCalla*, Stark App. No. 2006CA00253, 2007-Ohio-3887, 2007 WL 2193554, we applied the doctrine of accord and satisfaction to the settlement of a tort action. In that case, the plaintiff was involved in a motor-vehicle accident. The defendant's insurance provider made an offer to settle the plaintiff's claims for $1,000, and the plaintiff accepted the offer. The plaintiff signed a "Full Release of All Claims with Indemnity" that awarded appellant $1,000. The release further stated:

{¶ 38} " 'It is understood and agreed that this settlement is in full compromise of a doubtful and disputed claim as to both questions of liability and as to the nature and extent of the injuries and damage, and that neither this release, nor the payment pursuant thereto, shall be construed as an admission of liability, such being denied.' " Id. at ¶ 3–4.

{¶ 39} After the settlement, the plaintiff sought further treatment for his injuries. He filed a complaint against the defendant, seeking compensation for his injuries. The trial court granted the defendant's motion for summary judgment under the doctrine of accord and satisfaction, finding that there was a good-faith dispute over the debt, a negotiated settlement, and payment with a signed release that was a full satisfaction of the debt. Id. at ¶ 23.

{¶ 40} Pursuant to the established law of accord and satisfaction, we find that accord and satisfaction as to the BIA Hearing Decision does not apply to the present facts. In this case, there is no recognized monetary debt between the parties, especially in consideration of appellants' claims under the CSPA and for fraud regarding the limited warranty.

{¶ 41} A review of the BIA mediation process and the BIA hearing decision is also warranted. In the grievance procedure and on the BIA complaint form, the BIA states that it has no authority to force the builder to comply with a decision of the BIA, other than to suspend or revoke the builder's membership in the BIA.

{¶ 42} We agree that the parties' acceptance of the BIA hearing decision created a contract. However, we find that it was a contract as to the repairs to be made by appellees. We find that the unambiguous language of the BIA hearing decision shows there is no provision that states that appellants agreed to release appellees from all liability. When the terms of a contract are unambiguous, the introduction of parol evidence to show an oral agreement contradicting or varying the terms of the contract is prohibited. *Stults Assoc., Inc. v. Neidhart* (Nov. 15, 1999), Delaware App. Nos. 99 CA 11 and 99 CA 17, 1999 WL 1071560. The BIA process involved a mediation of the dispute as to the repairs, not binding arbitration. When appellants filed suit against appellees, the BIA informed appellees that the mediation process was in fact terminated, and appellees no longer had to abide with the mediation process.

{¶ 43} Accordingly, we find that the affirmative defense of accord and satisfaction does not apply to the present case as a matter of law. We therefore sustain appellants' second assignment of error.

### III

{¶ 44} Appellants argue in their third assignment of error that the trial court erred in granting summary judgment in favor of appellees under the doctrine of equitable estoppel. We agree.

{¶ 45} In order to establish the affirmative defense of equitable estoppel, a defendant must prove (1) that the plaintiff made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance that is reasonable and in good faith, and (4) that causes detriment to the relying party. *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 463 N.E.2d 636.

{¶ 46} Upon review of the Civ.R. 56 evidence presented, we find that there are genuine issues of material fact as to whether appellants made factual misrepresentations that misled appellees into reasonably relying upon the BIA mediation process and the BIA hearing decision as a settlement of all of appellants' claims against appellees.

{¶ 47} As stated above, BIA provides a grievance procedure that it states it has no authority to enforce upon the builder. The resulting BIA hearing decision, while a contract, contains no language that states that appellants agreed to release appellees from all liability. When appellants filed suit, the BIA deemed the mediation process to be terminated. While appellees may have relied upon the BIA hearing decision to resolve the argument, we find that there is a genuine issue of material fact as to whether that reliance was reasonable.

{¶ 48} Appellants' third assignment of error is sustained.

{¶ 49} The judgment of the Delaware County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion and judgment.

Judgment reversed
and cause remanded.

FARMER, P.J., and WISE, J., concur.